Royal Fraternal Union v. Isaac G. Lunday.

Decided October 20, 1908.

**1.—Injunction—Nonresident—Jurisdiction.**

It is not within the judicial province of the courts of this State to control by injunction acts to be performed in another State by officers of a foreign corporation there resident, though doing business in this State by its permission.

**2.—Same—Case Stated.**

Plaintiff, suing a Missouri insurance company, doing business in Texas under permit from the State and served by citation on its agent designated for such purpose, the State Commissioner of Insurance, sought injunction against action threatened by the officers of such company, non-residents, cancelling and refusing to recognize his contract with such company, alleged to be valid, but which they claimed to have been forfeited. Held, that such objection, being only operative in personam and enforceable only by attachment for contempt against persons not within the court's jurisdiction, would be futile; and that it was not within the jurisdiction of the courts of this State to supervise the internal affairs and management of a corporation created by and domiciled in another State.

**3.—Injunction—Adequate Legal Remedy.**

Injunction would not lie to restrain the officers of an insurance company from cancelling or repudiating its valid contract with plaintiff, he having other adequate and legal remedies, to wit: (1) continued tender of payment of premiums till the contract matured and suit thereon for its benefits; (2) acquiescence in the termination of the contract and action for damages for its wrongful repudiation; (3) an action in equity against the company to adjudge the contract still in force.

Appeal from the District Court of Bowie County. Tried below before Hon. Sam H. Smelser.

*Hart, Mahaffey & Thomas,* for appellant.

*F. M. Ball,* for appellee.

HODGES, Associate Justice.—In view of the disposition we make of this case, and the issues discussed, we think it unnecessary to do more than to state the character of the suit and give some of the pleadings in

detail. This suit was instituted by the appellee, plaintiff below, asking for a writ of injunction restraining the appellant from forfeiting and canceling a certain policy of insurance which the appellee asserts he holds and which had been theretofore issued to him by the appellant. Omitting the formal introductory portion of the appellee's original petition, it is as follows:

"That the plaintiff is an individual residing in Bowie County, Texas, and that the defendant is a corporation chartered under the laws of the State of Missouri, to which was issued a permit by the State of Texas to transact business therein, after having designated the Commissioner of Insurance of the State of Texas as a proper person on whom service may be had in all suits against the said defendant in the State of Texas, and at present Hon. Robt. T. Milner is the Commissioner of Insurance in this State.

"For cause of action the plaintiff alleges that heretofore, to wit, on the 19th day of August, A. D. 1902, in the State of Texas, upon application being made and accepted in the form required, this defendant issued to this plaintiff a certain certificate or policy of life, health and accident insurance, under which he has protection and indemnity against sickness, accident and death, and since the issuance and delivery of the same this plaintiff has faithfully performed each and every condition and requirement imposed upon him, whether by the terms of the said policy or certificate of insurance or the constitution and laws governing the order.

"That the plaintiff was born, to wit, July 1, 1848, and he is now over the age of 60 years; and 60 years is the maximum limit whereby he is eligible to procure such indemnity as that contained and offered by such certificate or policy of insurance, or by any organization transacting a like or similar business.

"That there is no time limit fixed for the termination of the said policy of insurance, but by the terms of the same, so long as the dues of the plaintiff are paid as required, the instrument and relationship which it creates between the parties exists during his lifetime.

"That, by reason of his age of over 60 years, this plaintiff can not procure such a similar indemnity, and, having in good faith relied upon the continuity of the relationship which this defendant created by the issuance of the policy of insurance, plaintiff will be without the protection and indemnity which it affords if the defendant is permitted to wrongfully, illegally and unjustly, as it is threatening to do, by arbitrarily terminating the contract.

"Plaintiff says that he is now old and infirm from age and years— otherwise well and healthy as one ordinarily of his age could reasonably expect to be. That for years he has made prompt and punctual payment of every assessment and all dues required by him, and that he is on this day, the 30th day of May, 1907, remitting the defendant, at St. Louis, St. Louis exchange for his assessment and dues for the month of June, 1907, as per contract. That this plaintiff has faithfully performed every condition and obligation imposed on him by the contract and entered into the same, as the defendant well knew and now does know, for the purpose of having the protection and indemnity which the contract affords, and the contract to the plaintiff is reasonably worth, for

the indemnity and financial aid which it affords, the sum of $500. That plaintiff is a man of good moral character, of exemplary habits, conduct and deportment, and that he is free from any wrongdoing that would impose a hardship or burden upon the defendant in the payment of the indemnity; that he is a man of moderate means, and in his declining years and old age is in need of and entitled to the indemnity and protection offered by the terms of the policy, which was contemplated at the time of applying for and receiving the policy in his younger days; and, unless restrained by your Honor's most gracious writ of injunction, this defendant will do him the irreparable wrong and injury that it is threatening to do by arbitrarily, wrongfully and unlawfully canceling out and terminating his policy.

"That the plaintiff now offers to perform every condition thereof. That the plaintiff's said policy of insurance No. 23,106 has been lost, and he can not find same after diligently searching for it, and a copy of which is in the hands of the defendant, as are the constitutions and by-laws governing the order, and it is hereby notified to produce the same on a trial of this cause, otherwise parol evidence will be resorted to to prove the same.

"Plaintiff says further that the defendant's effort to breach this contract and terminate this contract in the above manner was unjust and wrongful. That plaintiff here tenders in court, and again offers to pay, any dues of money now owing, and there naturally arose from the wrongful effort to breach the said contract the further damage of $200 incurred in the employment of counsel to prosecute this suit, for the recovery of which the plaintiff here prays for damages, alleging that said expense was reasonable and proper in the premises.

"Wherefore plaintiff prays that, on a hearing of this petition, the $200 item, as damages last above mentioned, and for the issuance of your Honor's most gracious writ of injunction perpetually restraining the defendant from unlawfully canceling or terminating the said policy or certificate of insurance, and for your Honor's most gracious mandatory writ of injunction and mandamus compelling the defendant to restore and keep vital, and of force and effect, the said certificate or policy of insurance, and for costs of suit, and for such other and further orders, judgments and decrees, legal or equitable, as this cause of action may be shown to merit."

The appellant filed a general demurrer and general and special denials, and also alleged some matters in avoidance which are not necessary here to notice.

The cause was submitted to the court without a jury, and a judgment entered in favor of the appellee perpetually enjoining the defendant and its officers and agents from doing any act "to impair, destroy, cancel, annul or breach either the contractual relationship, or any right, privilege, guaranty or immunity offered or created by the contract, certificate or policy of insurance; . . . that said writ shall also order, command and require, and immediately compel the Royal Fraternal Union, its officers, agents and employes whomsoever, jointly and severally to immediately restore the said Isaac G. Lunday to full membership and fellowship," etc. It was also further ordered that the appellee

take nothing upon his prayer for $200 damages which he seeks as attorney's fees.

The judgment is quite lengthy, but the foregoing gives its substance.

Putting that construction upon his petition most favorable to the appellee, his allegations amount to this: That the appellant is a foreign corporation, with its domicile in the State of Missouri, and is engaged in the business of issuing policies of insurance against sickness, accident and death; that it is doing business in this State under and by virtue of a permit from the proper officer; that the appellee is the holder of one of the appellant's policies of insurance, without naming the benefits agreed to be paid; that he has promptly paid in full, as they accrued, all of the dues and assessments required of him by the terms of his policy, and is, therefore, entitled to be regarded as a policyholder in good standing; that, notwithstanding those facts, the appellant is wrongfully threatening to cancel and declare forfeited the policy issued to the appellee; that unless the appellant is restrained from so doing it will cancel and declare forfeited the aforesaid policy of insurance; that the appellee is now over sixty years of age, and if his policy of insurance is forfeited he will be without protection, inasmuch as he will be unable, by reason of his age, to obtain any further insurance.

It thus appears, from the allegations of the appellee, that he is asking a court of equity in this State to injoin the officers and agents of a foreign corporation, domiciled in another State, from doing certain acts in and about their business affairs in that State. The court below having granted the relief prayed for, let us suppose that this court should affirm that judgment. The question would then arise: How is such a decree to be enforced in the event the officers and agents of the appellant company should persist in doing the acts prohibited? Such a judgment could only operate in personam, and obedience to the court's mandate can be compelled only by an attachment of the body of the contumacious individuals and the infliction of some punishment. In the case before us all of the parties against whom the order of the court is directed are permanently domiciled beyond the territorial jurisdiction of the court, and can not be reached by any process issued therefrom. It is therefore evident that such a decree would be utterly futile. Moreover, the appellant being a foreign corporation, domiciled in another State, it is not within the judicial province of a Court of this State to undertake to supervise and direct its internal affairs and management. Clark v. Mutual Reserve Fund Ass'n, 43 L. R. A., 392; Ebert v. Mutual Reserve Fund Life Ass'n, 81 Minn., 116; 83 N. W., 506; 3 Cooley's Briefs on Ins., p. 2841.

It is true that there are instances in which a court of equity situated in one State will enjoin the performance of acts beyond its territorial jurisdiction, but this seems to be limited to cases where the parties against whom the injunction is sought reside within the jurisdiction of the court. Bellows, etc., v. Rutland, 28 Vt., 470; Magarum v. Moon, 53 Atl., 179; Cole v. Cunningham, 133 U. S., 107; 1 High on Inj., secs. 105, 106. Such judicial restraint imposed upon the conduct that may be enacted beyond the jurisdiction of the court are predicated upon the principle that such judgments are intended to operate only upon the person, and that, if the parties against whom they are directed are with-

in the jurisdiction of the court, the decree can be enforced, and are not considered an interference with the jurisdiction of any other tribunal over the subject-matter of the controversy. It would seem that if the justification for the exercise of this power is to be found in the fact that the party defendant resides within the territorial jurisdiction of the court rendering the decree, it would follow that no such authority would be exercised where this situation does not exist.

We are disposed to think that there is still another fatal objection appearing upon the face of the appellee's pleadings; that is, the remedy sought. The injury which he seeks to avert is alleged to be the threatened cancellation and foreclosure of the appellee's policy of insurance; or, in practical effect, that the appellant company is threatening to consider and treat the policy as forfeited and canceled. Unless this threat on the part of the appellant, if carried into execution, would be productive of some substantial injury to the appellee, there can be no sufficient reason why he should be entitled to a writ of injunction. Neither would he be entitled to a writ if the execution of the threats is such action as can not be appropriately controlled by injunction, leaving out of consideration the question as to whether or not there is an adequate remedy at law for any injury that might follow. The situation, as depicted by the appellee, is that the appellant is threatening to refuse or recognize the continued existence of the policy, and may decline to accept the monthly premiums tendered by the appellee. This would not in the least impair the rights of the appellee, even if done. No act of the appellant, without the consent of Lunday, will terminate the contract of insurance or relieve the appellant from liability thereon. Assigning as a reason why it will not recognize its liability that the policy has been forfeited would not strengthen the appellant's claim. Day v. Connecticut Life Ins. Co., 45 Conn., 480; 29 Am. Rep., 693. Generally, when a controversy arises between the insurer and the holder of the policy, as to whether or not it is still in force, there are three courses open to the policyholder: (1) He may tender the premiums when due, wait till the policy matures, and then bring an action for the benefits; (2) he may, when notified by the insurer that it has elected to consider the policy as forfeited, acquiesce, treat the contract as terminated, and bring an action for damages for the wrongful cancellation of the policy; or (3) he may institute a proceeding in equity, and have the issue as to whether or not the policy has in fact been forfeited, or is still in force, judicially determined. Metropolitan Ins. Co. v. McCormick, 19 Ind. App., 49; 65 Am. St. Rep., 392; Meyer v. Knickerbocker Life Ins. Co., 73 N. Y., 516; 29 Am. Rep., 200; Day v. Connecticut Life Ins. Co., *supra;* 3 Cooley's Briefs on Law of Ins., pp. 2840-2842. The fact that the insurer is a foreign corporation, domiciled in a State different from that in which the action is brought, does not deprive the court of jurisdiction to render a decree determining the status of the parties to the contract. 3 Cooley's Briefs on Law of Ins., 2840, 2841, and cases there cited.

We deem it unnecessary to consider the various other assignments of error presented in the brief of the appellant, in view of the fact that the case will be finally disposed of upon the objections discussed.

For the reasons stated, we think the judgment of the trial court

should be reversed and the cause dismissed, but without prejudice to the right of the appellee to institute, in a court of competent jurisdiction, another action for the proper relief. We decline to pass upon the issue as to whether or not the policy of insurance has been forfeited in fact, or that the appellant could justly so consider it, leaving that to be determined in such other action as the appellee may see fit to institute.

The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*