## WOOD v. BROTHERHOOD OF RAILROAD TRAINMEN.
### No. 11678.

Court of Civil Appeals of Texas. Dallas.
Jan. 13, 1934.

Rehearing Denied Feb. 10, 1934.

C. F. Cusack, of Dallas, for appellant.

Davidson, Randall & Gray, of Dallas, for appellee.

JONES, Chief Justice.

Appellant, Arthur W. Wood, instituted this suit in a district court of Dallas county against the Brotherhood of Railroad Trainmen, appellee, to recover the face value of $5,000 on a certificate of insurance issued to him by appellee, and, as ancillary to such suit, subsequently presented a petition for the issuance of a temporary mandatory injunction, to require appellee to set aside from a fund held by it to protect insurance certificates a sum equal to the face value of his policy. The trial court sustained a general demurrer to the petition for injunction, and appellant has duly perfected an appeal. The following are the necessary facts:

Appellee is a voluntary unincorporated association, operating under a lodge system, composed of one Grand Lodge which has its headquarters in the city of Cleveland, state of Ohio, and subordinate lodges, chartered by the Grand Lodge, located throughout the United States and Canada, one of such lodges being in the city of Dallas, and of which appellant is a member. The petition states a cause of action against appellee for recovery on the certificate of insurance, but the claim for recovery is contested by appellee.

The petition for injunction shows the residence of appellee to be in said city of Cleveland, and that its administrative officers reside in said city; it further shows that the fund appellant seeks to impound, by the issuance of a mandatory injunction, is also located in said city, and does not show that any fund of appellee is within the state of Texas. It does show that such fund is being depleted by the payment of claims, and that there is grave danger that such fund will be exhausted before a judgment could be entered in appellant's case. The relief sought is that appellee be required to set aside from the beneficiary fund, located in the state of Ohio, "an amount sufficient to satisfy any judgment that might be rendered in this cause, in behalf of plaintiff, and to deposit same into the registry of this court, or such other depository as the court may direct, pending final disposition of this cause, and until further orders of this court."

It affirmatively appears from the petition that it is sought in a district court of Dallas county to have a decree entered in the nature of a mandatory injunction against a nonresident defendant, and to operate upon funds that are not located within the state of Texas. The district court of Dallas county has no such extraterritorial jurisdiction, and hence the court did not err in sustaining the general demurrer to the petition for such relief. Royal Fraternal Union v. Lunday, 51 Tex. Civ. App. 637, 113 S. W. 185; Gaines et al. v. Farmer et al., 55 Tex. Civ. App. 601, 119 S. W. 874.

It necessarily follows that the trial court did not err in sustaining the general demurrer, dismissing the petition for a temporary writ of injunction, and that the judgment should be affirmed.

Affirmed.