## NATIONAL LIFE CO. v. THOMASON.

### No. 2410.

Court of Civil Appeals of Texas. Waco.

March 19, 1942.

Rehearing Denied April 9, 1942.

Coker, Rhea & Vickrey, of Dallas, for appellant.

Harris & Gordon, of Waco, for appellee.

HALE, Justice.

This is an appeal from an order overruling a plea of privilege. The sole question presented for decision is whether the asserted cause of action is a suit on a policy of insurance within the meaning of Exception 28 of Article 1995, Vernon's Annotated Statutes.

Elbert J. Thomason instituted the suit in McLennan County on December 5, 1940, against National Life Company. He alleged that on November 8, 1919, the defendant issued to him a policy insuring his life in the sum of $2,000 at an annual premium rate of $33.20; that he had paid all premiums due thereon prior to November 8, 1940, as they matured; that in October, 1940, defendant unlawfully demanded the payment of $159.20 as the annual premium for the policy year beginning November 8, 1940, in violation of the terms of the contract; that he was 62 years of age and by reason thereof could not procure other insurance; that he was ready, able and willing to pay the contract premium of $33.20, which amount he tendered into the registry of the court. He prayed for the immediate issuance of a temporary injunction restraining the defendant from collecting said premium, or cancelling said policy for failure to pay the same; that upon final hearing he have judgment perpetuating the injunction and for a writ of mandamus prohibiting defendant from collecting an excessive premium and compelling defendant to accept the contract premium, keeping the policy in force as long as he pays the contract premium, and "for such other relief, in law and in equity, to which he may be justly entitled."

The defendant timely filed its plea of privilege in statutory form, asserting its right to be sued in Dallas County, Texas, alleging that such was the county of its residence in that it was a corporation organized under the laws of the State of Iowa, with a permit to do business in Texas, its only office in Texas being in Dallas County. Plaintiff seasonably filed and presented his controverting affidavit in which he incorporated his original petition, alleged the facts therein pleaded to be true, that he resided in McLennan County, was bringing the suit as a policyholder and that his cause of action was therefore within Exception 28 of said Article 1995. Upon the hearing of the issue thus joined, plaintiff introduced in evidence his policy of insurance and testified to the existence of the venue facts alleged by him. Thereupon the court overruled defendant's plea of privilege and hence this appeal.

Appellant presents the case for review in this court upon one proposition, as follows: "It appearing that the cause of action asserted by the plaintiff in his petition and controverting plea as against the defendant, and disclosed by the evidence, was one seeking only an injunction restraining the defendant from collecting a premium or wrongfully cancelling a policy of insurance and mandatorily requiring the defendant to accept a tendered premium and keep the policy in force, such proceeding was not a suit on a policy within the contemplation of subdivision 28 of Article 1995, Revised Statutes, and there being no pleading or proof bringing the case under any other exception to the venue statute, the defendant's plea of privilege timely filed and in statutory form should have been sustained." Subdivision 28 of said Article 1995 provides, in effect, that suits on policies may be brought against any life insurance company in the county where the loss has occurred, or where the policyholder instituting such suit resides.

The policy involved in this suit recites on its face that the insurance therein specified is granted in consideration of the payment of $33.20 as a first annual premium and the payment of all subsequent amounts required under the contract during its continuance. The policy further provides on its second page that subsequent premiums after the first year shall be "in such amounts as shall be levied by the Board of Directors of the Association, the entire Benefit and Emergency Funds being pledged to maintain the same annual rate of premium paid the first year for this policy; should these funds become exhausted by reason of excessive mortality or other cause, the Emergency Reserve Fund then becomes available and may be used when authorized by the Board of Directors to further protect the rate." By the terms of the contract, appellee has acquired a vested right to continue the policy in force so long as he lives, by paying all premiums due according to the requirements thereof. He alleges in this suit that such right has been violated.

▇▇▇ The law affords two distinct and inconsistent remedies for the wrongful breach of a contract, viz., the injured party may abandon the further performance of the contract and sue the offending party at law for the recovery of damages resulting from the breach, or he may, at his election, stand on the contract and sue in equity for its specific performance. Contracts of life insurance come within this rule. Washington Life Insurance Co. v. Lovejoy, Tex.Civ.App., 149 S.W. 398, error denied; First Texas Prudential Ins.

Co. **v.** Ryan, 125 Tex. 377, 82 S.W.2d 635. When a policy of insurance has been wrongfully cancelled and the insured sues at law for the recovery of damages, such action is not a suit on the policy. Reliance Life Ins. Co. v. Robinson, Tex.Civ.App., 202 S.W. 354; Texas Mutual Life Ins. Co. v. Bryan, Tex.Civ.App., 67 S.W.2d 1106. However, as we construe appellee's petition in this case, he has elected to stand on his contract and sue in equity for its specific performance, as he had the right to do, with the result that his action is clearly a suit on the policy within the purview of Exception 28 of the venue statute.

Appellant further contends that this is not a "suit" on a policy of insurance because the trial court did not have jurisdiction to grant injunctive relief against it as a foreign corporation, and since such is the only character of relief sought, the petition does not present a justiciable controversy. Appellee's suit is in essence an equitable proceeding by which he seeks to have the court to declare and protect his rights under the alleged contract. It is immaterial whether such protection be effected through a decree of specific performance or by means of an injunction.

Cleere v. Wise, Tex.Civ.App., 153 S.W.2d 311. While the courts of this state will not ordinarily grant injunctive relief against a non-resident, or enjoin the performance of acts beyond their territorial jurisdiction, they may do so under some circumstances. Royal Fraternal Union v. Lundy, 51 Tex. Civ.App. 637, 113 S.W. 185; Roberts v. Stewart Farm Mortgage Co., Tex.Civ.App., 226 S.W. 1108. We think it would be unreasonable for a Texas court to sustain the asserted right of a foreign corporation to be sued in the county of its claimed residence within this state merely because the corporation or its executive officers might not be amenable to such further orders as the court may see fit to enter in the case. In any event, the nature and extent of the relief, if any, to which appellee may be entitled in this cause must be determined upon a trial on the merits, but the possible issues with respect thereto do not constitute any part of the essential venue facts in the present proceeding. Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Forman v. Prince, Tex.Civ.App., 97 S.W.2d 1002.

The judgment of the trial court is affirmed.