NATIONAL LIFE COMPANY V. HONORABLE BEN H. RICE CHIEF JUSTICE, ET AL.

No. 7995. Decided January 27, 1943.
(167 S. W., 2d Series, 1021.)

316

*Coker, Rhea & Vickrey* and *Mack L. Vickrey,* all of Dallas, for relator.

On the question as to whether the case at bar is a suit on the policy of insurance. Union Trust Estate v. Orr, 3 S. W. (2d) 473; Amarillo Mutual Benefit Assn. v. Hurd, 21 S. W. (2d) 562; Reliance Life Ins. Co. v. Robinson, 202 S. W. 354; Texas Mutual Life Ins. Co. v. Bryan, 67 S. W. (2d) 1106.

*Harris & Gordon,* of Waco, for respondent.

Cited cases used in opinion.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

This is a petition for a writ of mandamus. Leave to file it was granted on motion of relator, National Life Company. The

writ is sought to require the Court of Civil Appeals at Waco to certify to the Supreme Court certain questions, hereinafter stated, growing out of the decision by that court of a plea of privilege appeal in National Life Co. v. Thomason, 160 S. W. (2d) 582.

Elbert J. Thomason, a resident of McLennan County, Texas, sued relator in the district court of that county, alleging, (1) that on November 8, 1919, it issued an insurance policy on his life in the sum of $2,000.00 in consideration of an annual premium of $33.20; (2) that he paid this premium each year up to and including 1940; (3) that prior to November 8, 1940, the date when the premium for the succeeding year was due, it demanded of him payment of $159.20 as the premium due for that year; (4) that the demand was in violation of the policy terms and an unlawful attempt to exact an excessive premium of $126.00; (5) that he was past 62 years of age and, therefore, unable to get other insurance; (6) that he was ready, able and willing to pay the premium of $33.20 provided in the policy, and tendered the same into court. He prayed (1) that relator, which he alleged was a foreign corporation, of Des Moines, Iowa, with a permit to do business in Texas, be restrained by injunction from collecting the increased premium and from cancelling the policy for his failure to pay it; (2) for a writ of mandamus prohibiting relator from collecting the increased premium and compelling it to accept the contract premium and to keep the policy in force as long as it is paid; and (3) for such other relief "to which he may be justly entitled."

Relator filed a plea of privilege "in statutory form to be sued in Dallas County, the county of its only office and principal place of business in Texas, and the county of its residence." Thomason filed a controverting affidavit, incorporating his petition therein and alleging that he was a policyholder of relator's, residing in McLennan County, and that, therefore, venue was properly laid there under subdivision 28, of Art. 1995, R. S. 1925, providing, *"Suits on policies may be brought against any life insurance company * * * in the county * * * where the policyholder * * * instituting such suit resides."* (Italics ours.)

The evidence offered on hearing of the plea established that Thomason resided in McLennan County; that relator was a corporation organized under the laws of Iowa, with its execu-

tive officers residing in that state; and that it had, by resolution, increased the assessment as alleged by Thomason. It was established, further, that the policy held by him contained the following provision:

"The annual premium stated in the first page hereof, covers the first policy year beginning with the date of this policy. Subsequent premiums shall be due and payable annually at the beginning of each policy year in such amounts as shall be levied by the Board of Directors of the Association, the entire Benefit and Emergency Funds being pledged to maintain the same annual rate of premium paid the first year for this policy; should these funds become exhausted by reason of excessive mortality or other cause, the Emergency Reserve Fund then becomes available and may be used when authorized by the Board of Directors to further protect the rate."

The trial court overruled the plea, which action was affirmed by the Court of Civil Appeals.

On the ground that the decision conflicts with previous opinions of the Supreme Court and of other courts of civil appeals, relator seeks to have certified to this Court several questions, which condensed, are: (1) whether Thomason's petition amounts to a suit on an insurance policy as contemplated by subdivision 28, of Art. 1995, supra; (2) whether jurisdiction of the McLennan County district court to render an effective judgment on Thompson's petition is a venue fact under said subdivision 28; and (3) whether that subdivision must be strictly construed and clearly established before it will render inoperative the general rule of venue announced in Art. 1995.

■ The Court of Civil Appeals held that Thomason's petition amounts to a suit on the policy. We approve that holding. A "suit" is "any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him." Watson Co. v. Cobb Grain Co. (Com. App.), 292 S. W., 174, quoting the language of Chief Justice Marshall in Weston v. City Council of Charleston, 2 Pet., 449, 7 L. Ed., 481. It is the prosecution of some demand in a court of justice. Ex Parte Towles et al, 48 Texas, 413, 433.

■ When an insurance policy is repudiated by the insurer, the insured has his choice of three remedies. He may (1) regard the policy as cancelled and sue for his damages; (2) tender

premiums as they mature, leaving the beneficiary to sue for the proceeds of the policy, less such premiums; or (3) bring an equitable proceeding for specific performance. Washington Life Ins. Co. v. Lovejoy (Civ. App.), 149 S. W., 398 (er. ref.); National Life Co. v. Harvey (Civ. App.), 159 S. W. (2d) 920; Univ. Life & Accid. Ins. Co. v. Shaw, 139 Texas, 434, 163 S. W. (2d) 376. Clearly, Thomason invokes the third remedy, because he seeks to compel relator to do what he claims it should do without the coercive power of the courts, that is, accept the premiums provided for in the policy and hold itself ready to pay the proceeds when it becomes liable to do so. See Municipal Gas Co. v. Lone Star Gas Co. (Civ. App.), 259 S. W., 684, (affirmed, 117 Texas, 331, 3 S. W. (2d) 790, 58 A. L. R. 797). That he seeks a mandatory injunction does not change the nature of the action. 38 Tex. Jur., p. 643, sec. 3. His effort is to force relator to stand on the obligation which he alleges it assumed in issuing the policy. From his viewpoint, he is attempting to pursue, with respect to the policy, "that remedy in a court of justice which the law affords him." He is standing on the policy, demanding its performance. Univ. Life & Accid. Ins. Co. v. Shaw, supra. Therefore, his is a suit on the policy within the meaning of subdivision 28.

■ Relator asserts that this holding conflicts with Reliance Life Ins. Co. v. Robinson (Civ. App.), 202 S. W., 354, Texas Mut. Life Ins. Co. v. Bryan (Civ. App.), 67 S. W. (2d) 1106, and National Life Ins. Co. v. Harvey, supra. There is no conflict. The first two cases are actions for the recovery of premiums paid on the policies, while the last is one for damages for breach of contract. In each of them the plaintiff treated the contract as repudiated. Here Thomason has not agreed to relator's repudiation of the policy; on the contrary, he seeks to enforce it. Therefore, the fact in those cases are not similar to those here, and it follows that no conflict is presented.

Relator's contention that the Court of Civil Appeals erred in holding that Thomason was not obliged to show that the district court of McLennan County could enter an enforceable judgment in order to maintain his suit there, in the face of its plea of privilege, is based on a misconception both as to what constitutes venue facts under subdivision 28 and as to the distinction between the terms *venue* and *jurisdiction.*

■ Venue facts are what must be proved to make applicable some exception to Art. 1995. They are defined and can be found only in the subdivision of that article which declares the exception. Compton v. Elliott, 126 Texas, 232, 88 S. W. (2d) 91. By reference to applicable provisions of subdivision 28, as we have quoted them, it is clear that the venue facts Thomason was bound to establish in the hearing on the plea of privilege are: (1) that he was a policyholder; (2) that he resided in McLennan County; (3) that relator was a life insurance company; and (4) that he was suing on an insurance policy. If they were not proved, the suit must be transferred to the county named in the plea of privilege. Relator said it resided in Dallas County and was entitled to be sued there. Thomason sought to maintain his suit in McLennan County on the theory that it was on an insurance policy. Whether it was such a suit was, therefore, the only issue, as relator admits that he proved he was a policyholder residing in McLennan County and that it was a life insurance company. Nothing else had to be shown.

■ *Venue* signifies the county in which a plaintiff has the legal right to institute and maintain his suit, notwithstanding the defendant's objections. Townes Pl. (2d Ed.), p. 297. *Jurisdiction* means the power conferred upon a court by the Constitution and laws to determine the merits of that suit as between the parties and to carry its judgment into effect. Withers v. Patterson, 27 Texas, 491, 88 Am. Dec. 643. The facts necessary to show the former under subdivision 28, as they have been stated above, obviously have no necessary interrelation with what must appear to sustain the latter. The jurisdiction of the trial court over the subject matter of the suit is not involved in the proceeding now before us. Harris et al v. Gregory (Civ. App.), 23 S. W. (2d) 748. "The question of where a suit should be brought is not one of 'jurisdiction' of the property or thing in controversy." Watson Co. v. Cobb Grain Co., supra. Surely it requires no extended discussion to demonstrate that the effectiveness of any judgment which the McLennan County court may hereafter attempt to render against relator on the merits of this case has nothing whatever to do with Thomason's residence, his status as a policyholder, the nature of relator's business, or the character of Thomason's suit as disclosed by his petition. Whether the district court of McLennan County can enter an enforceable judgment against relator—that is, its jurisdiction—is not only wholly unrelated to venue under subdivision 28, but it must be determined under other plead-

ings, the court's action on which we can neither anticipate nor presently review. In this connection, it is noteworthy that relator asks that the case be transferred to the district court of Dallas County. Certainly that court has no more jurisdiction to render an enforceable judgment against relator, an Iowa corporation, than has the district court of McLennan County. It would be an absurdity to sustain relator's plea of privilege on the ground that the court wherein the suit was filed has no power to render a valid judgment, when that proposition, if sound, applies with equal force to the court to which it is sought to have the case transferred.

We hold, therefore, that jurisdiction is not a venue fact under subdivision 28, supra.

This holding does not conflict with any of the cases cited by relator. In Royal Fraternal Union v. Lundy (Civ. App.), 113 S. W., 185, the court had under consideration a judgment on the merits and the power of the trial court to render an effective judgment thereon. Consequently we are not called on to determine, and we do not attempt to determine, the correctness of the conclusion there expressed. This is true also as to Gaines et al v. Farmer et al, 55 Texas Civ. App. 601, 119 S. W. 874 (er. dism.). In Wood v. Brotherhood of Railroad Trainmen (Civ. App.), 67 S. W. (2d) 636, the court was passing on a general demurrer to plaintiff's petition, which is a question for determination at the trial of the cause on its merits and its not to be considered in connection with the plea of privilege. Highway Motor Freight Lines v. Slaughter (Civ. App.), 84 S. W. (2d) 533. Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 544, 172 S. W., 1103, holds that a suit filed in a court having no jurisdiction of the subject matter does not constitute such a "suit" as will interrupt the running of the statute of limitation. Obviously, that holding has nothing to do with the question before us. In Saulsbury v. Atlas Supply Co. et al (Civ. App.), 141 S. W. (2d) 992, plaintiff sought to maintain venue in Gray County under subdivision 12, of Art. 1995, providing that a suit to foreclose a mortgage or other lien may be brought in the county where the mortgaged property is situated. Saulsbury, the sole defendant, lived in Potter County, and it was shown in the hearing on the plea of privilege that he owned no interest in the property against which the foreclosure suit was sought to be maintained in Gray County. It is held that since the court in Gray County had no jurisdiction to render judgment

for foreclosure or order of sale, plaintiff had failed to discharge the burden of proof that his suit was one for "the foreclosure of a mortgage or other lien" as required by subdivision 12, supra. In other words, the situation there was the same as it would be here had Thomason failed to show that his is a "suit on an insurance policy."

The only other cases claimed to conflict with the holding of the Court of Civil Appeals in this case are Meredith v. McClendon, 130 Texas, 527, 111 S. W. (2d) 1062, and Amberson v. Anderson (Civ. App.), 43 S. W. (2d) 120, in both of which it is held that the exceptions to Art. 1995 must be strictly construed and clearly established before a citizen can be deprived of his right under that article to be sued in the county of his domicile. We fully agree with that holding, but no conflict results because, for reasons already stated, the principle there announced has been applied in this case.

We have studied all relator's alleged conflicts in the light both of the cases cited and of the several questions it seeks to have certified. We find none. We are in accord with the holdings of the Court of Civil Appeals.

Accordingly, the petition is denied.

Opinion adopted by the Supreme Court January 27, 1943.