EAGLE LIFE INSURANCE COMPANY, Appellant,

v.

Royal Dean WILLIAMS et al., Appellees.

No. 17522.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 13, 1979.

Rehearing Denied Jan. 24, 1980.

Davis, Smith & Davis, Charles M. Jefferson, San Antonio, for appellant.

Ronald N. Etzel, Pearland, for appellees.

Before PEDEN, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from an order overruling appellant's plea of privilege.

The only question is whether sufficient evidence was presented at the venue hearing to allow appellee to maintain venue in Harris County under subdivision 28, art. 1995, V.A.C.S.

Subdivision 28 authorizes suits on policies of insurance to be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where the loss has occurred, or where the policyholder or beneficiary instituting such suit resides.

Appellant is an insurance company whose home office is located in San Antonio, Bexar County. Appellees are residents of Harris County.

Appellant issued a health and accident policy to appellees in January 1971. In March of 1977, Lillian Rae Williams was hospitalized and made a claim for benefits under the terms of the policy. When this claim for benefits was denied, appellees filed suit in Harris County to enforce payment of the sums they claim are due under the provisions of the policy.

In response to appellant's request for findings of fact and conclusions of law, the trial court filed the following:

### Findings of Fact

I. Plaintiff is and was at all times material to this cause of action a resident of Harris County, Texas.

II. Defendants sold to plaintiff, as a resident of Harris County and plaintiff paid in Harris County for the issuance of the insurance policy marked Plaintiffs' Exhibit No. 1, which exhibit is attached hereto made a part hereof for all purposes.

III. Plaintiff requested defendant to pay the loss incurred by reason of services rendered to plaintiff of "surgery and sickness" suffered in Harris County.

### Conclusions of Law

Venue is proper in Harris County.

Appellant claims that there was no evidence and, alternatively, that there was insufficient evidence to show that appellant is the kind of insurance company which is covered by subdivision 28 because there were no pleadings or proof that it was chartered.

This contention is overruled and the order overruling the plea of privilege is affirmed.

In order to sustain venue in this case appellees needed to prove (1) that they were a policyholder, (2) that they resided in Harris County, (3) that appellant was a life insurance company (or that it was a life, health and accident insurance company) and, (4) that they were suing on an insurance policy. *National Life Co. v. Rice*, 140 Tex. 315, 167 S.W.2d 1021 (1943).

 It is undisputed that the suit is on the policy, that the policyholder and beneficiaries are residents of Harris County and, although surplusage, that the loss occurred in Harris County. The insurance policy which was admitted into evidence showed that the name of the company issuing the policy to appellees was Eagle Life Insurance Company. A life insurance company is one of the types of insurance companies listed in subdivision 28. Further, the policy specifies the types of injuries and illnesses which are covered under the policy and the amounts payable to the insured for the treatment of these injuries or sicknesses. The introduction of the policy was sufficient to prove the type of the insurance coverage promised and that appellant is the type of insurance company mentioned in subdivision 28. It is not incumbent upon a plaintiff in a venue hearing to prove an insurance company's charter in order to establish the type of business it is authorized to write.

The judgment is affirmed.