No. 04-00-00470-CV



Vasilios A. KARAGOUNIS, M.D., Ph.D.,


Appellant



v.



BEXAR COUNTY HOSPITAL DISTRICT d/b/a University Hospital,


Appellee



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 2000CI04017


Honorable David Peeples, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: July 25, 2001


AFFIRMED

 Vasilios A. Karagounis, M.D., Ph.D. ("Karagounis") appeals a summary judgment granted
in favor of the Bexar County Hospital District d/b/a University Hospital ("University Hospital"). (1)
Karagounis presents a single issue in his brief, claiming the trial court erred in granting University
Hospital's motion to transfer venue from Travis County to Bexar County. We overrule Karagounis's
issue and affirm the trial court's judgment.

 Karagounis sued University Hospital, the University of Texas Health Science Center at San
Antonio ("UTHSC"), and Jay B. Aust, Kenneth R. Sirinek, Glen Halff, and Robert S. Esterel,
individually and in their official capacities (collectively the "Employees"). Karagounis alleged that
the defendants had breached certain written agreements that enabled Karagounis to engage in certain
residency programs and to perform services as a house staff physician. University Hospital filed a
motion to transfer venue with the trial court in Travis County, asserting that Karagounis had not
alleged any facts supporting venue in Travis County. Karagounis filed an amended petition alleging
that UTHSC and the Employees were state officials, whose residence was Travis County, and venue
was mandatory in Travis County because Karagounis's suit primarily sought injunctive relief. (2) The
trial court in Travis County granted University Hospital's motion to transfer venue. After venue was
transferred to Bexar County, the trial court in Bexar County granted summary judgment in favor of
University Hospital.

 Karagounis challenges the trial court's order transferring venue. In reviewing a trial court's
order regarding venue, we must uphold the trial court's determination if there is any probative
evidence in the entire record that venue was proper in the county where judgment was rendered. Ruiz
v. Conoco, Inc., 868 S.W.2d 752, 758 (Tex. 1993).

 Karagounis contends that venue was mandatory in Travis County pursuant to section 65.023
of the Texas Civil Practice and Remedies Code. Section 65.023 provides that "a writ of injunction
against a party who is a resident of this state shall be tried in a district or county court in the county
in which the party is domiciled." Tex. Civ. Prac. & Rem. Code Ann. § 65.023(a) (Vernon 1997).
Karagounis asserts that the residence of UTHSC and the Employees, acting in their official capacity,
was Travis County. Karagounis further asserts that his suit primarily sought injunctive relief;
therefore, Karagounis contends Travis County was the county of mandatory venue.

 UTHSC is categorized as a part of the University of Texas system, and employees who
commit acts in their official capacity are state officials. See Whitehead v. University of Texas Health
Science Center of San Antonio, 854 S.W.2d 175, 180 (Tex. App.--San Antonio 1993, no writ).
Therefore, Karagounis is correct in his assertion that venue would be mandatory in Travis County
if his suit primarily sought injunctive relief. See Burton v. Rogers, 504 S.W.2d 404, 406-07 (Tex.
1973) (venue mandatory in Travis County where action against state officials sought injunctive relief).

 Section 65.023 applies "only to suits in which the relief sought is purely or primarily
injunctive." In re Continental Airlines, Inc, 988 S.W.2d 733, 736 (Tex. 1998). "The true nature of
a lawsuit depends on the facts alleged in the petition, the rights asserted and the relief sought, and not
on the terms used to describe the cause of action." Billings v. Concordia Heritage Ass'n, Inc., 960
S.W.2d 688, 693 (Tex. App.--El Paso 1997, pet. denied); see also Hogg v. Professional Pathology
Associates, P.A., 598 S.W.2d 328, 330 (Tex. Civ. App.--Houston [14th Dist.], writ dism'd)
(concluding damage claim was remedy of first importance in suit for breach of restrictive covenant
and that relief sought was not primarily injunctive).

 Karagounis's lawsuit seeks various remedies for breach of contract. Karagounis contends that
the primary relief sought is injunctive in that he requested, "[a] permanent injunction be issued, on
final trial of this case, enjoining defendants to allow the plaintiff to complete the fifth year/chief year
of General Surgery residency training and complete the Cardiothoracic Surgery residency training in
Defendants' Graduate Medical Education Programs." Although Karagounis labels this relief
injunctive, it is obvious that he is seeking specific performance of his contract with University
Hospital because the effect of granting the injunctive relief would be to compel the carrying out of
the contract. See, e.g., National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943)
(holding that party invoked remedy of specific performance where he sought to compel another party
to comply with terms of insurance policy even though party sought mandatory injunction because the
seeking of a mandatory injunction "[did] not change the nature of the action"); Canteen Corp. v.
Republic of Tex. Properties, Inc., 773 S.W.2d 398, 401 (Tex. App.--Dallas 1989, no writ) (noting
contractual rights generally are not enforced by writs of injunction and the principles governing
specific performance govern whether relief will be granted); United Coin Meter Co. v. Johnson-Campbell Lumber Co., 493 S.W.2d 882, 888 (Tex. Civ. App.--Fort Worth 1973, no writ) (holding
application for injunction was in effect an application for specific performance where effect would
be to compel carrying out of the contract); Beckham v. Munger Oil & Cotton Co., 185 S.W. 991, 992
(Tex. Civ. App.--Dallas 1916, no writ) (agreeing with contention that request for injunction to
compel carrying out of the contract was a request for specific performance even if it was in the form
of an injunction). Because the true nature of the relief Karagounis primarily sought in the underlying
lawsuit was specific performance, section 65.023 did not apply, and the trial court properly granted
University Hospital's motion to transfer venue.

 The trial court's judgment is affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


PUBLISH
1. The summary judgment was granted only as to Karagounis's claims against University Hospital. The trial
court severed the claims asserted by Karagounis against University Hospital into a separate cause, making the summary
judgment final as to those claims. Karagounis's claims against all other defendants are not before us in this appeal.
2. Karagounis has filed a motion to abate this appeal for a hearing to determine whether his amended petition
was timely filed. For purposes of this appeal, we will assume, without deciding, that the amended petition was timely
filed; therefore, we deny Karagounis's motion to abate.