# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00001-CV

---

**Jane Vorwerk, Appellant**

**v.**

**City of Bartlett and John Landry Pack, Mayor, Appellees**

---

**FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
NO. 19-2155-CC1-4, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jane Vorwerk challenges the trial court's order granting appellees City of Bartlett and its Mayor John Landry Pack's plea to the jurisdiction. For the reasons explained below, we affirm the trial court's order.

## BACKGROUND

This case arises out of an October 16, 2018 order issued by the Bartlett Municipal Court declaring a 1986 Toyota mobile home to be a junk vehicle. The municipal court found that defendant James Fredrick Hisle was the owner or person in lawful possession of the mobile home, he was properly notified and appeared in person before the court, and he was afforded ample time to remove the mobile home from his property under Ordinance Number 2013-05 of the Bartlett

Municipal Ordinances.[1] *See generally* Tex. Transp. Code §§ 683.071-.078 (Subchapter E, Junked Vehicles: Public Nuisance; Abatement); *see also id.* §§ 683.074 (establishing that municipality or county may adopt procedures that conform to Subchapter E for "abatement and removal from private or public property or a public right-of-way of a junked vehicle or part of a junked vehicle as a public nuisance"); .075 (providing that at least 10 days' notice of nature of public nuisance must be delivered to last known registered owner of nuisance, each lienholder of record of nuisance, and owner or occupant of property on which nuisance is located). The municipal court further ordered that if the mobile home was not immediately removed from the property, the City would remove it under the provisions of the ordinance. The record does not reflect that anyone appealed or otherwise challenged the municipal court's order.

On May 23, 2019, Vorwerk filed a petition against the City and the Mayor in justice court in Williamson County, alleging that the mobile home belonged to her and that the City illegally took and towed it from storage at Hisle Auto Repair without due process and in violation of the City's ordinance and the Texas Constitution. The City and the Mayor filed a plea to the jurisdiction. Vorwerk did not file a response, and the justice court granted the plea to the jurisdiction and dismissed the case on July 9, 2019. Vorwerk appealed to the county court at law.

The City and the Mayor filed a plea to the jurisdiction in county court that was substantively identical to their plea in justice court, asserting governmental and official immunity, Vorwerk's lack of standing, res judicata, and collateral estoppel. After conducting a hearing on the plea, at which Vorwerk did not appear, the county court at law granted the plea to the

---

[1] It appears from the record that even though Hisle was not the registered owner of the mobile home, he was a defendant and was given notice of the municipal-court proceeding because the mobile home was in his possession and located on his premises.

jurisdiction. In its October 6, 2020 order granting the plea, the court concluded that it had no subject-matter jurisdiction as to the allegations against the City and the Mayor and dismissed the case. Vorwerk subsequently filed a motion for new trial, which the court denied after a hearing. This appeal followed.

## ANALYSIS

In her sole issue on appeal, Vorwerk asserts that the trial court erred by granting the City and the Mayor's plea to the jurisdiction and dismissing her case. Vorwerk argues that the trial court should have construed the pleadings as a motion for summary judgment and that it erred by disregarding the disputed issues that should have been construed in her favor. Vorwerk asserts that she raised a fact issue concerning her ownership of the mobile home and the City's lack of notice to her before the City removed it from Hisle's premises. We liberally construe Vorwerk's brief as challenging the City and the Mayor's contentions in their plea that she lacks standing and that governmental immunity bars her suit against them. In response, the City and the Mayor assert that the trial court did not err by granting their plea and that because each independent ground asserted in their plea is sufficient to support the trial court's ruling, we must affirm the order because Vorwerk has failed to address any of those issues raised in the plea.[2]

_____

[2] The City and the Mayor also assert that both the justice court and the county court at law in Williamson County lacked subject-matter jurisdiction over the case because the mobile home was towed from 141 N. Dalton, Bartlett, Texas, which is located in Bell County. (The City of Bartlett is located partly in Bell County and partly in Williamson County; its City Hall is located in Bell County.) However, the City and the Mayor's complaint that the events giving rise to Vorwerk's suit did not occur in Williamson County raises a venue challenge, not a jurisdictional challenge. *See Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Venue pertains solely to where a suit may be brought and is a different question from whether the court has '"jurisdiction" of the property or thing in controversy.'" (quoting *National Life Co. v. Rice*, 167 S.W.2d 1021, 1024 (Tex. [Comm'n App.] 1943)); *see also* Tex. Civ. Prac. & Rem. Code § 15.002 (establishing general rule that lawsuits shall be brought in county in which

3

**Standard of review**

Whether a court has subject-matter jurisdiction is a question of law, and thus we review de novo the trial court's ruling on a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). The plaintiff bears the burden of affirmatively demonstrating the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012)).

In this case, the City and the Mayor challenged the existence of jurisdictional facts pled by Vorwerk, specifically challenging her ownership of the vehicle and the lack of a statutory violation for which governmental or official immunity would be waived. The City and the Mayor also asserted that Vorwerk's suit is an impermissible collateral attack on the municipal court's order. In a case like this one, "in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Miranda*, 133 S.W.3d at 227. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law," a standard that generally mirrors the standard a trial court follows when ruling on a traditional summary-judgment motion. *Id.* at 228.

---

all or substantial part of omissions giving rise to claim occurred, county of defendant's principal office if defendant is not a natural person, or plaintiff's county of residence). "*Venue* signifies the county in which a plaintiff has the legal right to institute and maintain his suit, notwithstanding the defendant's objections. *Jurisdiction* means the power conferred upon a court by the Constitution and laws to determine the merits of that suit as between the parties and to carry its judgment into effect." *National Life Co.*, 167 S.W.2d at 1024 (citations omitted). Accordingly, Vorwerk's filing suit in Williamson County, not Bell County, does not implicate the Williamson County courts' subject-matter jurisdiction over that suit, and the City and the Mayor have waived any objection to venue by failing to present it to the trial courts. *See* Tex. R. Civ. P. 86.1 (establishing that defendant waives objection to improper venue if objection is not made by written motion filed before or concurrently with any other pleading, except special appearance).

4

When reviewing the trial court's ruling on a plea like this one, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

**Standing**

The key issue in this appeal is whether Vorwerk owned the mobile home at the time of the municipal-court proceeding. Vorwerk alleged in her petition that the City illegally "took *my* 1985 Toyota motor home" without the notice required by law, in violation of the City ordinance and the Texas Constitution and that she was entitled to the return of her property or damages. (Emphasis added.) In their plea to the jurisdiction, the City and the Mayor asserted that Vorwerk had not shown and could not show that she is the record owner of the mobile home. They attached an authenticated copy of the vehicle registration, which shows that the former owner of the vehicle was Terry Strand of Bartlett, Texas, and the current record owner (after the municipal-court proceeding) is the City.

Vorwerk did not file a response to the City and the Mayor's plea, nor did she appear at the hearing on the plea. In her appellate brief, Vorwerk concedes that she did not have the title recorded, but she asserts that Terry Strand told the City that he had sold the mobile home, citing to an unsworn January 14, 2019 declaration from Strand that she attached to her motion for new trial.[3] *See* Tex. Civ. Prac. & Rem. Code § 132.001 (authorizing use of unsworn declaration

---

[3] The City and the Mayor object to Vorwerk's inclusion of documents that are not part of the clerk's record and request that we strike Vorwerk's appendix, which includes Strand's declaration, in its entirety. We cannot consider documents attached as appendices to a brief if they are not formally included in the appellate record. *See, e.g., Burke v. Insurance Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied); *see also Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided." (citing Tex. R. App. P. 34.1 (describing

5

subscribed by person making declaration as true under penalty of perjury). However, Strand's declaration does not raise a fact issue on Vorwerk's ownership of the vehicle. Strand states that he was the prior owner of the mobile home parked at Hisle's auto-repair business and provides details about the mobile home's age and operability. Regarding the notice he received from the City, Strand states: "When I got the letter from the Bartlett Police Dept., I told the Bartlett Police Dept. that I did not own the 1985 Toyota mobile home and that I sold this mobile home." He does not state the name of the person to whom he sold the vehicle or whether he provided that name to the City. Furthermore, we note that under Transportation Code Section 683.075, the City was only required to provide notice to "the last known *registered* owner of the nuisance." Tex. Transp. Code § 683.075(a)(1) (emphasis added). Vorwerk did not submit any evidence that she owned the mobile home at the time of the municipal-court proceeding. Therefore, because the relevant evidence presented by the City and the Mayor was undisputed, that is, that Vorwerk was not the registered owner, and because Vorwerk did not present any evidence that she was the owner of the mobile home at the time of the municipal-court proceeding, we conclude that she did not raise a fact issue concerning her ownership of the mobile home at the time of the municipal-court proceeding.

Subject-matter jurisdiction is essential to a court's power to decide a case, and standing is a prerequisite to subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000) (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). A court has no jurisdiction over a claim made by a plaintiff

contents of appellate record)). Because the documents in the appendix that are relevant to our analysis are included in the appellate record, including Strand's declaration, we overrule the City and the Mayor's request to strike it.

6

who lacks standing to assert it. *Heckman*, 369 S.W.3d at 150. The standing requirement "derives from the Texas Constitution's separation of powers among the departments of government, which denies the judiciary authority to decide issues in the abstract, and from the Open Courts provision, which provides court access only to a 'person for an injury done him.'" *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) (quoting *Texas Ass'n of Bus.*, 852 S.W.2d at 444; Tex. Const. art. I, § 13). To establish standing, "a plaintiff must be personally aggrieved; his alleged injury must be concrete and particularized, actual or imminent, not hypothetical." *Id.* at 304-05 (citations omitted).

Absent evidence showing that she was the owner of the mobile home at the time of the municipal-court proceeding, Vorwerk cannot show an actual or threatened injury, and her lack of injury prevents her from being "personally aggrieved" such that she has any personal stake in the litigation. *See The M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 707-08 (Tex. 2001). Because Vorwerk failed to raise a fact issue on the issue of her ownership of the mobile home, we conclude that the trial court correctly ruled as a matter of law that Vorwerk lacks standing to pursue her claims against the City and the Mayor. On this basis, the trial court properly dismissed the case for lack of subject-matter jurisdiction.[4] *See Heckman*, 369 S.W.3d at 150-51 ("[I]f the

---

[4] Having determined that Vorwerk lacks standing to pursue her suit, we need not address her challenge to governmental immunity. *See* Tex. R. App. P. 47.1. And although the City and the Mayor urge that the Court must affirm the trial court's judgment because Vorwerk did not address on appeal all of the independent grounds for their plea that may have supported that judgment—the Mayor's official immunity, res judicata, or collateral estoppel—these unchallenged grounds are not grounds that would fully support the trial court's judgment. *See, e.g.*, *S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*, 435 S.W.3d 414, 419 (Tex. App.—Fort Worth 2014, no pet.) ("[I]f an independent ground may fully support the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we 'must accept the validity of that unchallenged independent ground . . . and thus . . . any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.'" (quoting *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex.

plaintiff lacks standing to bring *any* of his claims, the court must dismiss the whole action for want of jurisdiction.").  We overrule Vorwerk's sole issue presented on appeal.

**CONCLUSION**

Having overruled Vorwerk's sole issue on appeal, we affirm the trial court's order dismissing her case against the City and the Mayor.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   August 6, 2021

_____

App.—Houston [1st Dist.] 2002, no pet.)).   All three grounds are affirmative defenses, not jurisdictional bars. *See, e.g., Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 128 (Tex. 2015) ("Further, unlike sovereign immunity from suit, which as noted above may be raised in a plea to the jurisdiction, official immunity is an affirmative defense that must be pled and proved by the party asserting it." (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994)); *City of Wimberley Bd. of Adjustment v. Creekhaven, LLC*, No. 03-18-00169-CV, 2018 WL 5074580, at *5 (Tex. App.—Austin Oct. 18, 2018, no pet.) (mem. op.) ("[R]es judicata is an affirmative defense." (citing Tex. R. Civ. P. 94; *Texas Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967)); *Resendez v. Garcia*, No. 04-05-00081-CV, 2005 WL 2654069, at *3 (Tex. App.—San Antonio Oct. 19, 2005, no pet.) (mem. op.) ("Further, res judicata and collateral estoppel are affirmative defenses under Texas Rule of Civil Procedure 94 and should be treated as a 'plea in bar,' rather than as a plea in abatement or a plea to the jurisdiction.  A plea in bar may not properly be sustained at a preliminary hearing unless the parties agree to this procedure or summary judgment procedure is utilized." (citation omitted)).   The Texas Supreme Court explained in *Jarrell* the difference in the consequences of the two types of pleas—"a plea to the jurisdiction, if sustained, would require a dismissal; . . . and a plea in bar, if sustained, would require a judgment that the claimant take nothing."  418 S.W.2d at 488 (citation omitted).  In other words, the grant of a plea to the jurisdiction results in dismissal without regard to the merits, while a plea in bar is a judgment on the merits.