RELIANCE LIFE INS. CO. v. ROBINSON.
(No. 823.)

(Court of Civil Appeals of Texas. El Paso. March 21, 1918.)

1. VENUE ⟐72—BURDEN OF PROOF.
Where defendant's plea of privilege alleged the facts necessary under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, to entitle it to be sued in another county than the one in which suit was brought, and there was nothing in the record showing that plaintiff's cause of action came within an exception to the statute, the burden was on plaintiff to show his cause of action came within one of the exceptions.

2. INSURANCE ⟐198(6)—VENUE—RECOVERY OF PREMIUM — "SUIT UPON INSURANCE POLICY."
A cause of action against an insurance company, for the return, in view of cancellation of the policy, of the money paid on the first premium, is not a "suit upon an insurance policy" within Rev. St. 1911, art. 4744, providing that "suit upon insurance policies may be instituted * * * where the policy holder or beneficiary resides."

Appeal from Ector County Court; E. V. Graham, Judge.

Action by C. A. Robinson against the Reliance Life Insurance Company. From judgment for plaintiff, defendant appeals. Reversed, and cause transferred.

Walter Anderson and H. A. Leaverton, both of Midland, for appellant. M. D. Herbert, of Denton, and F. A. Judkins, of El Paso, for appellee.

HARPER, C. J. C. L. Stout solicited appellee to take out a life insurance policy with appellant. The policy was issued, and afterwards canceled. Appellee paid said Stout $150 in cash on the first premium. For some reason, not revealed by the record, the policy was canceled, whereupon appellee demanded the return of the money paid.

[1] Upon the failure to make return, this suit was filed in Ector county, Tex. Appellant in due season filed its plea of privilege to be sued in Dallas county, which plea under oath shows appellant to be a foreign private corporation with permit to do business in Texas, with an office and agent in Dallas county with no office nor agent in Ector county, etc., alleging, under oath, the necessary facts to entitle it to be sued in Dallas county under article 1830. Vernon Sayles' Stat. of Texas.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There is nothing in the record to show that appellee's cause of action comes within any of the exceptions to this statutory rule, which would authorize suit in Ector county, and after plea was filed the burden was upon him to show that his cause of action comes within one of the exceptions. Graves v. McCullum & Lewis, 193 S. W. 217.

[2] Appellee urges that article 4744, Rev. Civ. Stat. of Texas, authorizes the suit to be brought in Ector county. This article provides that "suit on [insurance] policies * * * may be * * * where the policy holder or beneficiary * * * resides." It is apparent that this statute has no application for the reason that this is not a suit upon an insurance policy, but this cause of action arose, if at all, upon the implied promise to return the money paid on first premium upon cancellation of the policy.

The court therefore erred in overruling appellant's plea of privilege. The judgment must therefore be reversed, and the cause transferred to the county court of Dallas county, Tex.

It is so ordered.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes