## TEXAS MUT. LIFE INS. CO. v. BRYAN.
### No. 2497.

Court of Civil Appeals of Texas. Beaumont.
Jan. 24, 1934.

Rehearing Denied Feb. 14, 1934.

Davis, Avery & Wallace, of Center, for appellant.

Dallas Ivey, of Center, for appellee.

COMBS, Justice.

In 1927 appellant issued to Mrs. Mary E. Bryan, wife of appellee, a policy of life insurance. According to the allegations of appellee, who was plaintiff below, the appellant, through its local agent, Ed Green, agreed at the time the policy was issued that it would draw drafts on appellee through the Farmers' State Bank of Center for the premiums on said policy as they should fall due. Appellee drew the drafts and collected the premiums in that manner through the bank until July, 1931, when, without any notice to appellee, it failed to draw the drafts for the premiums and wrongfully canceled the policy and refused to reinstate it. The condition of Mrs. Bryan's health was, at the time of the cancellation of the policy, and has been at all times since, such that she could not obtain other insurance. Appellee filed this suit to recover all premiums paid by him to appellant on the policy, amounting to $312.50. He also sued for attorney's fee in the amount of $150. Appellant filed a plea of privilege in proper form, claiming the right to be sued in McLennan county where its home office is located. Appellee filed a controverting plea, and on a hearing to the court the plea was overruled, and appellant duly excepted and gave notice of appeal. The suit was then tried on the merits and resulted in a judgment for appellee for the amount of $312.50. This appeal is from the order overruling the plea of privilege, as well as from the main judgment.

 The trial court committed reversible error in overruling appellant's plea of privilege. The plea having been seasonably filed and presented, the burden was upon appellee to show, by pleading and proof, that his suit comes within one of the exceptions set forth in article 1995, R. S. 1925, as amended (Vernon's Ann. Civ. St. art. 1995), to exclusive venue in the county of one's residence. This he did not do. Though appellee alleged in his controverting affidavit that appellant had a local agent in Shelby county, where the suit was filed, to wit, Ed Green, his proof shows only that Ed Green was the agent with whom he took out the insurance in 1927. He admits that he had not seen the said Ed Green

in several years, and did not know whether he now represents the company or not.

 Nor does appellee's suit, as pleaded, come within subdivision 28 of article 1995, as being a suit on an insurance policy. The suit, as pleaded by him, was for the return of premiums by reason of the cancellation of the policy. The suit, therefore, does not come within the exception. Reliance Life Ins. Co. v. Robinson (Tex. Civ. App.) 202 S. W. 354; 24 Tex. Jur. p. 1197. There is no contention that pleading or proof brings the case within the provisions of subdivision 28a of article 1995 (Acts 1931, 42d Leg. p. 251, chapter 150, § 1 [Vernon's Ann. Civ. St. art. 1995, subd. 28a]), relating to venue or suits against fraternal benefit societies and state-wide mutual assessment companies.

The judgment of the trial court is reversed and the cause is remanded, with instructions to transfer it in accordance with appellant's plea of privilege.