## EDMONDSON v. UNDERWRITERS LIFE INS. CO.

### No. 13040.

Court of Civil Appeals of Texas. Dallas.
June 6, 1941.

Chrestman, Brundidge, Fountain, Elliott & Bateman and J. A. Blakeley, all of Dallas, for appellant.

Richey, Sheehy & Teeling, of Waco, for appellee.

LOONEY, Justice.

Alleging the wrongful cancellation of a life policy issued to him by Texas Standard Life Insurance Company and later assumed by Underwriters Life Ins. Company, the appellee, appellant sought to recover the present value of the policy. Appellee filed a plea of privilege, claiming the right to be sued in McLennan County, which was contested by appellant, but, after hearing evidence, the court overruled the contest, sustained the plea of privilege, and changed the venue of the cause to a court of proper jurisdiction in McLennan County; to which, appellant excepted and perfected this appeal.

The material facts alleged in the controverting plea, and as shown by the agreed statement of facts, substantially are these: Texas Standard Life Insurance Company issued to Irus H. Edmondson, appellant, the policy in question, providing for the payment of a maximum death benefit of $2,500; liability under the policy being later assumed by Underwriters Life Insurance Company, appellee, under a reinsurance agreement with the issuing com-

pany. Both of these companies are state-wide mutual assessment companies, without capital stock, chartered under the statutes of this State, and operate under the provisions of Art. 4859f, Vernon's Ann.Civ.St. The policy in question contains, among others, the following provision: "The holder of this policy agrees to pay, within fifteen days after notice thereof, all assessments of $3.00 levied by this Company for death assessment or dues, of which two each year shall be placed in the general fund to be used for operating expenses." While the policy was in full force and effect, appellee herein notified the appellant that, the monthly assessment premium rate of $3 was inadequate and would be increased to $9.33 per month; but no evidence was offered to show whether the increase in rates was reasonable, or necessary to pay losses. It was also agreed that Irus H. Edmondson was a resident of the City of Dallas, Dallas County, Texas.

Under the caption of "First Counter Proposition," appellee urges a cross assignment of error, based upon certain misnomers as to each of the litigants, contending that, by reason thereof, the controverting affidavit filed by the appellant was insufficient to controvert the plea of privilege filed by appellee; therefore, the court did not err in sustaining its plea of privilege. If appellant's contention is correct, this controversy should end without further discussion.

Although the record discloses a misnomer as to each of the litigants, we do not think there exists any doubt as to the true identity of the real parties at interest. The facts, in short, are these: The correct name of the appellant is Irus H. Edmondson, to whom the policy was issued, as shown by the agreed statement, but for some reason not disclosed, the suit was instituted in the name of Thomas H. Edmondson, as plaintiff, against Underwriters Life Insurance Company, as defendant; the docket number being 46,239–B. Citation was issued accordingly, and, in its plea of privilege, appellee used the same style and number. Appellant's controverting plea was in his correct name, that is, I. H. Edmondson, but he changed the original style to that of I. H. Edmondson v. Texas Standard Life Insurance Company, instead of Underwriters Life Ins. Company, the same docket number being used throughout. The order sustaining the plea of privilege used the correct names of the parties, that is, I. H. Edmondson as plaintiff and Underwriters Life Insurance Company, as defendant; and later, I. H. Edmondson perfected the appeal in forma pauperis.

■ Appellee made no objection in the court below, raising the question for the first time by the cross assignment of error. The record, in our opinion, discloses indisputably that the real parties at interest were before the court as active litigants. Courts view such irregularities with charity, so long as the real parties at interest are the litigants, and this without regard to the name under which the litigation is conducted, even to the extent of holding that extrinsic evidence is admissible to show that a real party at interest was not a party to the record. See Haines v. West, 101 Tex. 226, 230, 105 S.W. 1118; Hartford Fire Ins. Co. v. King, 31 Tex.Civ.App. 636, 73 S.W. 71, 73.

Appellant contends that, as he was a resident of Dallas County, Texas, holder of the policy, for the breach of which he instituted suit for its present value, and each of the insurance companies, that is, the Texas Standard Ins. Company, issuing the policy, and the Underwriters Life Ins. Company, assuming liability thereunder, being a state-wide mutual assessment company without capital stock, incorporated under the laws of Texas and operating under the provisions of Art. 4859f, R.C.S., he had the right, under the provisions of § 17 of said Article, to institute and prosecute the suit in the court below. On the other hand, appellee contends that, as the suit was not for the recovery of benefits arising under the terms of the policy, but was for damages for its alleged wrongful cancellation, venue was not maintainable in the court below under the statute mentioned, hence the court committed no error in sustaining appellee's plea of privilege.

■ Although, in his contesting affidavit, appellant relied upon § 17 of Art. 4859f, R.C.S., to sustain the venue, we think that, if the facts alleged bring the case either under that provision, or any other exception to exclusive venue in the county of one's residence, whether specifically relied upon or not, the contest should have been sustained and the plea of privilege denied, as appellant was not required to specify in his contesting plea the exception relied upon; it being sufficient simply to allege "specifically the fact or facts relied upon to confer venue of such cause

on the court where the cause is pending." See Art. 2007, R.C.S., Vernon's Ann.Civ.St. art. 2007.

Section 17 of Art. 4859f reads as follows: "In all actions brought against corporations operating under this Act growing out of or based upon any right of claim or loss or proceeds due, arising from or predicated upon any claim for benefits under any policy or contract of insurance issued by such corporation, venue shall lie in the county where the policyholder or beneficiary instituting such suit resides or in the county of the principal office of such corporation."

■■ It is obvious that, under the exception just quoted, a suit to recover for a loss or benefit arising under a policy may be maintained in the county where the policyholder or beneficiary resides. As such a suit necessarily would be based upon the breach of some provision of the policy, we fail to see any reason why the Legislature would exclude from the exception a suit to recover upon a claim based upon a breach of the policy in any respect, nor do we think the Legislature had any such intention, which, in our opinion, a proper analysis and punctuation of the exception will disclose. We are of opinion, therefore, that an action based upon a claim arising from the breach of the policy, such as the claim under consideration, may be maintained in the county of the residence of the policyholder, and that the statute in question should be so construed. However, if we should be mistaken in the construction placed upon the statute in question, we think the agreed facts clearly show that, the court below had venue of the cause under Exception 28a of Art. 1995, Vernon's Ann.Civ.St. art. 1995, subd. 28a.

Appellee cites, in support of its contention, two cases: that of Reliance Life Ins. Co. v. Robinson, Tex.Civ.App., 202 S.W. 354, and Texas Mut. Life Ins. Co. v. Bryan, Tex.Civ.App., 67 S.W.2d 1106, 1107. We think a careful reading of these cases will disclose that, the questions discussed did not call for the construction of either of the exceptions involved in this case. The first case mentioned arose under Art. 4744, Code of 1911, which is now a part of Exception 28 of our present Art. 1995. In disposing of the question in the other case, the Beaumont Court, through Judge Combs, said: "There is no contention that pleading or proof brings the case within the provisions of subdivision 28a of article 1995, * * * relating to venue or suits against fraternal benefit societies and statewide mutual assessment companies." So, we think it appears indisputably that neither of the cases cited is in point.

It is also contended by appellee that, as the pleading and proof fail to show prima facie that appellant had a bona fide cause of action, the court did not err in sustaining the plea of privilege and changing the venue of the cause.

■■ We think it obvious that, in certain cases, the proof relied upon to establish the fact or facts conferring venue also establishes or tends to establish the cause of action declared upon; hence, in that sense and only in that sense can it be correctly said that a plaintiff is required to prove, even prima facie, a cause of action upon the hearing of his contest to the plea of privilege. Conflicting decisions may be found, but the question was definitely settled by the Supreme Court in Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 239, 81 S.W.2d 675, 677, where, answering certified questions, the Court, speaking through Judge Taylor, said: "Distinction should be noted at the outset between a trial upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction. The language of article 1995 is that 'no person * * * shall be sued out of the county' of his domicile unless, etc. * * *. It does not contemplate that on a hearing on plea of privilege any matters shall be tried other than such as are necessary to determine whether defendant is suable where the suit is filed. Article 2007, R. S., provides that, if plaintiff desires to resist the plea of privilege, he shall file a controverting plea under oath, setting out specifically the facts 'relied upon to confer venue of such cause on the court where the case is pending.' * * * The issue of venue, not liability, is thereby raised, when the affidavit is filed." However, if necessary to a decision in the case, we would hold that, by both pleading and proof, appellant exhibited, prima facie at least, a bona fide cause of action.

For the reasons stated, we are of opinion that the court erred in sustaining the plea of privilege and in changing the venue; therefore reverse the judgment of the court

below and here render judgment for the appellant, overruling the plea of privilege.

Reversed and rendered.