NATIONAL LIFE COMPANY V. FLORENCE A. STEGALL, ET AL.

No. 8030. Decided March 3, 1943.
Rehearing overruled March 24, 1943.
(169 S. W., 2d Series, 155.)

*Coker, Rhea & Vickery,* of Dallas, for appellant.

Plaintiff's action, as plead, is a suit for damages for an alleged wrongful cancellation or repudiation of an insurance policy, and is not a suit on the policy within the contemplation of section 28, of Article 1995, and defendant's plea of privilege should have been sustained. Meredith v. McClendon, 130 Texas 527, 111 S. W. (2d) 1062; Daniel v. Jones, 103 S. W. (2d) 437; Spinnler v. Armstrong, 63 S. W. (2d) 1071.

*Guinn & Guinn,* of Rusk, for appellees.

Plaintiff's cause of action being a suit to recover the present value of defendant's policy No. 55056 was a suit on a policy of insurance within the meaning of section 28 of Article 1995. Southwest Natl. Bank v. Employers Indm. Corp., 12 S. W. (2d) 189; Atlantic & Pac. Ry. Co. v. Laird, 164 U. S. 393, 41 L. Ed. 485, 17 Sup. Ct. 120; Bothwell v. Farmers & Merchants State Bank & Tr. Co., 120 Texas 1, 30 S. W. (2d) 289.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Pending disposition of a motion for rehearing, the Court of Civil Appeals for the Sixth Supreme Judicial District has certi-

fied to this court a question of law, on account of conflict between its decision of the same herein and that of the Court of Civil Appeals for the Seventh Supreme Judicial District in National Life Co. v. Harvey, 159 S. W. (2d) 920. The nature of the case and the material facts are thus stated in the certificate:

"Suit was filed by appellee Florence A. Stegall (insured), joined by her husband, F. C. Stegall (beneficiary), in the District Court of Cherokee County, Texas (the county of their residence), against appellant, National Life Company (insurer), to recover damages for anticipatory breach of a policy or contract of life insurance, measuring the damages as being the present value or worth of the policy, alleged to have been wrongfully repudiated and breached by appellant.

"Appellant timely filed a plea of privilege in statutory form to be sued in Dallas County, alleging that it was a life insurance company incorporated under the laws of the State of Iowa; that it had a permit to do business in Texas, and that its principal place of business in Texas, and its only office in Texas, was located in Dallas County, Texas. Appellee duly contested the plea of privilege, made her petition a part of the controverting affidavit, contended, among other grounds, that venue of the suit was controlled by Sec. 28 of Art. 1995, R. C. S. of 1925, which provides: 'Suits on policies may be brought against any life insurance company . . . in the county . . . where the policy holder or beneficiary instituting such suit resides.' From an order of the trial court, entered upon a hearing, overruling the plea of privilege, the National Life Company appealed. We sustained the judgment of the trial court."

The question certified is as follows:

"Is a suit by the policy holder to recover the present value or worth of the policy, on the alleged ground that it has been repudiated and breached by the insurance company, a suit on the policy, within the meaning of such language as used in Section 28 of Article 1995, Revised Civil Statutes of 1925?"

This suit was brought by the policy holder in the district court of the county in which she resided. It is a suit to recover damages on account of the insurer's alleged wrongful repudiation and breach of the policy or contract of life insurance, the damages sought to be recovered being the value of the

policy at the time of the breach. Section 28 of Article 1995 provides that "suits on policies" of life insurance may be brought in the county where the policy holder or beneficiary instituting the suit resides. Is this a suit on the policy within the meaning of the statute?

■ The opinion of the Court of Civil Appeals herein proposes, as controlling, the question whether this suit is an action for damages based upon violation of a contractual duty, an action ex contractu, or an action for damages based upon the violation of some duty imposed by law independent of contract, an action ex delicto; and most of its opinion demonstrates that the suit is an action ex contractu rather than an action ex delicto. Appellees devote most of their brief to the same question. Undoubtedly, the suit is an action ex contractu, being for the recovery of damages because of the insurer's breach of contract. An action ex contractu has been defined as one "arising out of a contract, express or implied." I Tex. Jur. p. 616, Sec. 11. See also 1 C. J. S. p. 943, Sec. 1; 1 Am. Jur. p. 441, Sec. 50. This suit arises out of a contract, the policy of insurance. But this does not answer the very question presented, is it a suit "on the policy" within the meaning of Section 28 of Article 1995?

In Reliance Life Insurance Co. v. Robinson, 202 S. W. 354, the insured, after cancellation of the policy by the insurer, sued to recover the premium he had paid. It was held that the trial court erred in overruling the insurer's plea of privilege, because the action arose upon the implied promise to return the money paid as the first premium, and was, therefore, not a suit on the policy within the meaning of Article 4744 of the Revised Civil Statutes of 1911, the language of which is, as to venue in suits against life insurance companies, the same as that of Section 28 of Article 1995 of the Revised Civil Statutes of 1925. The Court of Civil Appeals, in Texas Mutual Life Insurance Co. v. Bryan, 67 S. W. (2d) 1106, citing and following Reliance Life Insurance Co. v. Robinson, supra, held that a suit to recover all premiums paid on a policy wrongfully cancelled by the insurer did not come within Section 28 of Article 1995 as being a suit on an insurance policy.

In the two cases last cited the suits were based upon implies obligations arising out of the contracts of insurance; and they were, therefore, actions ex contractu. If regarded as

actions of assumpsit, the suits were actions ex contractu, for assumpsit, although it was in its origin an action ex delicto, has long been classified as an action ex contractu. Gould v. Baker, 12 Texas Civ. App., 669, 35 S. W. 708; Jackson v. Chapman, 263 S. W. 958; Philpott v. Superior Court, 1 Cal. (2d) 512, 39 Pac. (2d) 635, 95 A. L. R. 990, 994-995, 999; 7 C. J. S. p. 109, Sec. 1; 4 Am. Jur. p. 495, Sec. 3 and note; 5 Tex Jur. p. 152, Sec. 2.

The policy holder in National Life Company v. Harvey, 159 S. W. (2d) 920, filed suit in the county of his residence for damages, the value of the policy, alleging that the insurer had wrongfully repudiated the contract. It was held that the action was not a suit "on the policy" and that the defendant's plea of privilege should have been sustained.

■ In National Life Co. v. Rice et al, 140 Texas 315, 167 S. W. (2d) 1021, the insured Thomason, after wrongful repudiation of the contract by the insurer, brought suit in the county of his residence to compel the insurer "to accept the premiums provided for in the policy and to hold itself ready to pay the proceeds when it becomes liable to do so." This court approved the decision of the Court of Civil Appeals (National Life Co. v. Thomason, 160 S. W. (2d) 582) that the action was a suit "on the policy," and held that there was no conflict between that decision of the Court of Civil Appeals and the decision in National Life Co. v. Harvey, 159 S. W. (2d) 920. The opinion shows that the point of difference between the two cases is that in Harvey's case the insured treated the contract as repudiated and sued for damages for the breach, whereas in Thomason's case the effort of the policy holder was to force the insurer to stand on the obligation which it assumed in issuing the policy. The ruling made by the Court of Civil Appeals and expressly approved by this court in National Life Co. v. Rice et al is that an equitable proceeding for specific performance, brought by the policy holder against the insurer which has renounced or repudiated the contract, is a suit on the policy which may be brought in the county of the insured's residence under Section 28 of Article 1995, because it is a suit to enforce the policy.

For the same reason, a suit by the beneficiary to collect the proceeds of a policy of life insurance is a suit on the policy. It is brought to enforce the policy, that is, to compel the

insurer to pay what it has obligated itself to pay by the terms of the policy.

In determining the intention of the Legislature in the enactment of Section 28 of Article 1995, the words used in the statute are to be read according to their ordinary or popular meaning. Article 10, Revised Civil Statutes of 1925; Cox v. Robison, 105 Texas 426, 437, 150 S. W. 1149; Spears v. City of San Antonio, 110 Texas 618, 223 S. W. 166. When that meaning is given to the words "suits on policies," it very clearly appears that actions for the enforcement of policies, whether they are equitable proceedings for specific performance like that considered in National Life Co. v. Rice et al, supra, or suits for the collection of what is due and payable under the terms of the policies, are "suits on policies" within the contemplation of the statute. On the other hand, actions for the value of policies or for the return of premiums paid, brought by policy holders after repudiation or renunciation of the contracts by the insurers, are not, according to the ordinary signification of the words of the statute, suits on policies. They are not brought to enforce the policy. They are actions arising out of the policy. The right to institute and maintain them accrues to the policy holder, not directly from the provisions of the policy itself, but rather from the obligation which, because of the insurer's breach, is imposed by law upon it to compensate the policy holder by paying him the value of the policy or to restore to him the premiums paid.

The failure of the Legislature to amend Section 28 of Article 1995 in such way as to provide clearly that all suits arising out of policies of life insurance may be brought in the county of the residence of the policy holder or beneficiary is not without significance. In 1918 and again in 1934 courts of civil appeals held that policy holders' suits for return of premiums after wrongful cancellation by insurer could not be maintained in the county where the policy holder resided. Reliance Life Ins. Co. v. Robinson, 202 S. W. 354; Texas Mutual Life Ins. Co. v. Bryan, 67 S. W. (2d) 1106. The Legislature, in the year 1931 and again in the year 1933, enacted statutes relating to fraternal benefit societies and state-wide mutual assessment companies and providing in substance that actions against such societies and companies which grow out of, arise upon or are predicated upon policies or contracts of insurance issued by them may be brought in the county where the

policy holder or beneficiary resides. Section 1, Chapter 150, Acts Regular Session 42nd Legislature, p. 251 (Sec. 28a, Art. 1995, Vernon's Annotated Civil Statutes); Section 17, Chapter 245, Acts Regular Session 43rd Legislature, pp. 856, 863 (Art. 4859f, Vernon's Annotated Civil Statutes). The language of these statutes is broad enough to include an action for the present value of a policy on the ground of wrongful cancellation. Edmondson v. Underwriters Life Ins. Co., 153 S. W. (2d) 236. The court, in Texas Mutual Life Ins. Co. v. Bryan, 67 S. W. (2d) 1106, directed attention to the fact that Section 1 of Chapter 150, Acts Regular Session, 42nd Legislature, applies only to suits against fraternal benefit societies and statewide mutual assessment companies and not to suits against all life insurance companies.

In discussing suits brought by the insured for the recovery of premiums paid, where the insurer has wrongfully repudiated the contract, we have been concerned only with the nature of the action, that is, whether it is a suit "on the policy," and with the question of venue. We have not intended to express an opinion as to the right of the insured to maintain such suit, whether for the recovery of the premiums as the measure of damages or on the theory of rescission. This question has been the subject of controversy. Supreme Lodge of K. P. v. Neeley, 135 S. W. 1046; Washington Life Ins. Co. v. Lovejoy, 149 S. W. 398; 10 Texas Law Review, pp. 511-512; 12 Texas Law Review, pp. 251-272; Note 48 L. R. A., pp. 107, 110-121.

We hold that this action is not a suit on the policy within the meaning of the language used in Section 28 of Article 1995, and answer the certified question in the negative.

Opinion adopted by the Supreme Court March 3, 1943.

Rehearing overruled March 31, 1943.