

# The Attorney General of Texas

December 11, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

President Philip G. Hoffman
University of Houston
Houston, Texas 77004

Opinion No. H-1277

Re: Authority of the University to promulgate a regulation defining the term "full-time basis" in section 51.352(4), Education Code.

Dear Dr. Hoffman:

You inquire about the authority of the University of Houston Board of Regents to promulgate a rule defining "full-time basis" as it appears in a provision relating to the Optional Retirement Program. Section 51.353 of the Education Code provides that "[a]ll faculty members are eligible to participate in the optional retirement program," subject to rules prescribed by the governing board of their institution. "Faculty member" is defined as follows:

> ... a person who is employed by an institution of higher education on a <u>full-time basis</u> as a member of the faculty or staff and whose duties include teaching, research, administration, ... or the performance of professional services. ...

Educ. Code § 51.352(4) (emphasis added). You wish to know whether the Regents may define employment on a "full-time basis" to mean "employment for one-half or more of the standard workload at a rate comparable to the rate of compensation for other persons employed in similar positions." You note that the Teacher Retirement System (TRS) has adopted the quoted standard in its rule defining "full-time" service under section 3.02(a)(3) of the Education Code.

In Attorney General Opinion H-871 (1976) we considered the TRS rule and declined to hold it invalid. We found numerous factors supporting its validity which are not present in the case of your proposed rule. The TRS definition was an administrative construction of long standing, and employees had accumulated credit and received benefits under it. When the legislature placed the TRS provisions in the Education Code in 1969, it expressly provided

that present members of TRS would continue their membership. Educ. Code § 3.03(a). In addition, TRS served employees in diverse job classifications with various ways of measuring workload. We concluded that the courts would not disregard the long-standing administrative construction, particularly in view of the legislature's acquiescence in it.

However, we stated that we would not have construed the statute in this manner. We noted that the courts will disregard an administrative construction which is contrary to the plain meaning of a statute. See Brown Express, Inc. v. Railroad Commission, 415 S.W.2d 394 (Tex. 1967); Eddins-Walcher Butane Company v. Calvert, 298 S.W.2d 93 (Tex. 1957). The rule you propose is subject to this objection.

The Code Construction Act provides that "[w]ords and phrases shall be . . . construed according to . . . common usage." V.T.C.S. art. 5429b-2, § 2.01. See also National Life Co. v. Stegall, 169 S.W.2d 155 (Tex. 1943) (words used in statute are given ordinary meaning). A dictionary may be consulted to ascertain the meaning of a word. Board of Insurance Commissioners v. Duncan, 174 S.W.2d 326 (Tex. Civ. App. — Amarillo 1943, writ ref'd). The dictionary defines "full time" as follows:

> employed for or working the amount of time considered
> customary or standard.

Webster's Third International Dictionary at 919. In contrast, "part time" is defined as follows:

> employed for or working less than the amount of time
> considered customary or standard.

Id. at 1648. In our opinion, a definition of "full time basis" that includes employment at half time or less than full time is contrary to the plain meaning of the statutory language. In the absence of strong countervailing factors like those outlined in Attorney General Opinion H-871, see also V.T.C.S. article 5429b-2, section 3.03, we do not believe your administrative definition would be upheld by the courts. In our opinion, you may not adopt the proposed definition of "full-time basis."

### S U M M A R Y·

> The governing board of an institution of higher education
> may not promulgate a rule defining employment on a "full-
> time basis" in section 51.352(4) of the Education Code to
> mean "employment for one-half or more of the standard
> workload. . . ."

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn