

# The Attorney General of Texas

**MARK WHITE**
Attorney General

July 14, 1982

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth E. Graeber
Executive Director
State Property Tax Board
9501 North IH-35
Austin, Texas    78761

Mr. Raymon L. Bynum
Commissioner
Texas Education Agency
201 East 11th Street
Austin, Texas    78701

Opinion No.   MW-495

Re:  Calculation of tax rate
under  section  26.04  of  the
Property Tax Code

Dear Messrs. Graeber and Bynum:

Section 26.04 of the Property Tax Code sets forth procedures for calculating potential tax increases which must be followed by each local taxing unit prior to its adoption of a tax rate. The computations required by subsection (d) produces the tax rate which, when applied to this year's assessments will yield taxes comparable to last year's levy. Adjustments are made for property value which was formerly taxable but now exempt and for property added to the tax roles. This "truth-in-taxation" statute requires a taxing unit to hold public hearings if there is an increase of three percent or more in the proposed tax rate over the "effective tax rate." Section 26.04(c) provides for the calculation of an amount of tax dollars upon which the "effective tax rate" is computed in accordance with section 26.04(d).

Section 26.04 states in part:

> (c) An officer or employee designated by the governing body shall subtract from the total amount of property taxes imposed by the unit in the preceding year:
>
> (1) the amount of taxes imposed in the preceding year to pay principal of and interest on bonds, warrants, certificates of obligation, or other lawfully authorized evidences of indebtedness issued or assumed by the unit and to pay lawfully incurred contractual

obligations providing security for the payment of principal of and interest on bonds or other evidences of indebtedness issued on behalf of the unit by another political subdivision;

(2) the amount of taxes imposed in the preceding year on property in territory that has ceased to be a part of the unit;

(3) the amount of taxes imposed in the preceding year on taxable value that is exempt in the current year; and

(4) the amount of taxes imposed in the preceding year on taxable value that is not taxable in the current year because property appraised at market value in the preceding year is required by law to be appraised at less than market value in the current year. (Emphasis added).

Your concerns center on the above underscored language. You suggest that the phrase "taxable value that is exempt in the current year" is susceptible of two interpretations. You first ask whether section 26.04(c)(3) of the Property Tax Code includes value lost through partial as well as total exemptions or only value lost through total exemptions. If we conclude that partial exemptions are included, you then wish to know which of two suggested methods of calculating taxable value lost through the granting of exemptions is correct. We conclude that the underscored phrase in section 26.04(c)(3) is meant to reach both taxable value which is exempt due to the granting of partial exemptions and taxable value which is exempt due to the granting of total exemptions in the current year.

Section 1.04(10) of the Property Tax Code defines "taxable value" to mean "the amount determined by deducting from assessed value the amount of any applicable partial exemption." (Emphasis added). Section 1.04(11) defines "partial exemption" to mean "an exemption of part of the value of taxable property." (Emphasis added). When these definitions are read together with the language "taxable value that is exempt in the current year" in section 26.04(c)(3), it is manifest that the legislature intended that value lost due to the grant of partial exemptions be included in the calculation of the effective tax rate.

It has been suggested, however, that section 26.04(c)(3), when read together with article VIII, section 21 of the Texas Constitution, is ambiguous and should properly be read to refer only to value lost through the granting of total exemptions. We disagree. You inform us

that, since the effective date of article 7244c, V.T.C.S., the now-repealed predecessor to section 26.04, the language "taxable value that is exempt in the current year" has been uniformly construed by the State Property Tax Board, the Texas Education Agency, and the taxing units throughout the state to include value lost through the granting of partial exemptions, not just value lost through the granting of total exemptions. The construction placed upon a statute by the agency charged with its administration is entitled to great weight, Ex parte Roloff, 510 S.W.2d 913 (Tex. 1974); State v. Aransas Dock and Channel Company, 365 S.W.2d 220 (Tex. Civ. App. - San Antonio 1963, writ ref'd), especially where contemporaneous, or nearly so, with the statute itself. Burroughs v. Lyles, 181 S.W.2d 570 (Tex. 1944); Stanford v. Butler, 181 S.W.2d 269 (Tex. 1944).

In addition, the legislature has enacted corrective amendments to the code without changing the administrative construction of section 26.04. See National Life Company v. Stegall, 169 S.W.2d 155 (Tex. 1943). During the 1981 regular session the legislature enacted a corrective amendment to section 26.04(c)(4). This section refers to "taxable value that is not taxable in the current year" because of a legal requirement that property formerly appraised at market value be appraised at less than market value. The amendment to section 26.04(c)(4) requires taxing units to subtract taxable value lost due to the granting of special valuation as set forth in chapter 23 of the code. This subtraction was not permitted prior to the passage of the amendment, since a loss in taxable value resulting from special valuation is not identical to a loss in taxable value due to exemption. The fact that the legislature amended section 26.04 by adding in 1981 another category of "taxable value that is not taxable in the current year" indicates its acceptance of the administrative construction.

Moreover, we do not believe the language of article VIII, section 21 compels us to read section 26.04(c)(3) as referring only to property totally exempt from property taxation. In our opinion, the constitutional provision does not preclude the legislature from including in the computation property which is partially exempted. Article VIII, section 21 of the Texas Constitution provides the following in pertinent part:

> Sec. 21 (a) Subject to any exceptions prescribed by general law, the total amount of property taxes imposed by a political subdivision in any year may not exceed the total amount of property taxes imposed by that subdivision in the preceding year unless the governing body of the subdivision gives notice of its intent to consider an increase in taxes and holds a public hearing on the proposed increase before it increases those

> total taxes. The legislature shall prescribe by
> law the form, content, timing, and methods of
> giving the notice and the rules for the conduct of
> the hearing.
>
> (b) In calculating the total amount of taxes
> imposed in the current year for the purposes of
> Subsection (a) of this section, the taxes on
> property in territory added to the political
> subdivision since the preceding year and on new
> improvements that were not taxable in the
> preceding year are excluded. In calculating the
> total amount of taxes imposed in the preceding
> year for the purposes of Subsection (a) of this
> section, the taxes imposed on real property that
> is not taxable by the subdivision in the current
> year are excluded. (Emphasis added).

Article VIII, section 21 establishes a limitation on the taxes which may be imposed from one year to the next. It provides that the total amount may not exceed a specified amount unless certain notice and hearing requirements are met. In no event would the calculation required by the statute exceed the amount derived from the calculation formula set forth in article VIII, section 21. The amount of taxes imposed in the preceding year will be reduced under the statute by taxable value lost not only by the grant of total exemptions but also by the grant of partial exemptions. The total amount of taxes calculated under the statute will thus always be less than that calculated under article VIII, section 21.

Moreover, even if article VIII, section 21(b) were construed as providing a compulsory calculation formula, section 26.04 would not violate the constitutional provision. The inclusion of the phrase in article VIII, section 21(a) "[s]ubject to any exceptions prescribed by general law" severely undercuts any argument that article VIII, section 21 sets forth a compulsory calculation formula which the legislature is without power to change by statute. Therefore, section 26.04, to the extent that it departs from any calculation formula set forth in article VIII, section 21, constitutes an "exception prescribed by general law." We conclude that section 26.04(c)(3) of the Property Tax Code includes value lost through partial as well as total exemptions.

Your second question concerns the method of calculating taxable value lost through exemptions. You wish to know the proper method of calculating the amount to be subtracted from the amount of taxes imposed in the preceding year. Specifically, you wish to know which of two suggested methods of calculating "the amount of taxes imposed

in the preceding year on taxable value that is exempt in the current year" more closely comports with section 26.04 of the code.

A brief explanation may be helpful here. A tax rate is determined by dividing the amount of tax revenue the taxing unit seeks to collect by the taxable value of the property of the taxing unit. That is,

$$\text{tax rate} = \frac{\text{tax levy (i.e. adopted budget)}}{\text{taxable value of property}}$$

The effective tax rate calculation is designed to provide taxpayers an accurate means of determining the amount of increase or decrease in property taxes levied from one year to the next. The "effective tax rate" means the tax rate directed at yielding the amount of taxes collected last year when it is applied to this year's taxable property. In computing the effective tax rate, the numerator in the fraction, i.e. the amount of tax revenue which the taxing unit seeks to collect, is based on the amount of taxes collected in the previous year. Generally, the effective tax rate is determined by dividing the tax levy imposed in the preceding year (with certain amounts subtracted therefrom) by the market value of all property in the taxing unit in the current year (with certain amounts subtracted therefrom). The amounts subtracted from the numerator and denominator are the tax levy and taxable value attributable to properties taxed last year which remain untaxed in the current year because of exemption or special valuation. That is,

$$\text{effective tax rate} = \frac{\text{1981 tax levy minus taxes levied on property taxable in 1981 but not in 1982}}{\text{taxable value in 1982 minus value taxable in 1981 but not 1982}}$$

Under the method proposed by the Texas Education Agency (hereinafter TEA), the taxable value for the current year is subtracted from the taxable value for the preceding year and that remainder is multiplied by the preceding year's tax rate. The resulting product is purportedly the amount of tax dollars lost from last year's tax revenues due to the granting of exemptions in the current year on taxable value that was taxed in the preceding year. If the taxable value for the current year is greater than the taxable value for the preceding year, the taxing unit would incur no net loss in tax revenue and no amount of levy would be subtracted. TEA's method begins, then, with a comparison of taxable value from one year to the next and, in the event that there is no net loss in taxable value in the current year as compared with the preceding year, no adjustment is made to last year's levy to account for revenue loss. However subsection (c)(3) requires the subtraction of that revenue

loss which is attributable to the granting of exemptions in the current year that were not granted in the preceding year. It applies to taxable value which, first, was taxed in the preceding year and, second, is exempt in the current year. It does not apply only when there is a net loss of taxable value from one year to the next. The method proposed by TEA simply does not comport with the statute.

The revenue loss computed by TEA's proposed method accurately reflects the tax revenue lost only when the market value of a property receiving an exemption remains constant from the preceding year to the current year. In that event, any loss in taxable value in the current year as compared to that of the preceding year is attributable solely to the grant of an exemption in the current year or to special valuation. See section 26.04(c)(4), Property Tax Code. However, if a taxing unit reappraises property in the current year and the resulting increase in market value is greater than the amount of any new exemption granted in current year, TEA's proposed method would mistakenly indicate no loss in revenue due to the granting of new exemptions. In reality, however, the taxing unit would incur a loss of revenue due to the granting of new exemptions; the loss would merely be offset by the increase in market value, and the taxing unit would incur no net loss in tax revenue in the current year. If a taxing unit reappraises property in the current year and there is a decrease in market value of property which receives an exemption in the current year which it did not receive in the preceding year, TEA's method would mistakenly attribute the total loss in taxable value to the granting of the exemption. It would fail to take into account a loss in market value.

Under the method proposed by the State Property Tax Board (hereinafter SPTB), the amount of the exemption granted in the current year on taxable value taxed in the preceding year is multiplied by the tax rate for the preceding year. The amount of the new exemption granted in the current year is determined in one of two ways. If the new exemption granted is a partial exemption, e.g., $5,000 residence homestead exemption or $10,000 residence homestead exemption for the elderly, see section 11.13, Property Tax Code, that dollar amount is the amount of the exemption granted. That amount is used in the calculation. If the new exemption granted is a percentage of market value, see article VIII, section 1-b, Texas Constitution, the percentage multiplied by the preceding year's market value is the amount of the exemption granted.

We conclude that the method proposed by SPTB comports with the statute; the loss computed under this method more accurately reflects the loss in tax revenues due to the granting of new exemptions. In the event that there is no reappraisal and the market value of a property receiving a new exemption remains the same, the loss reflected by SPTB's method equals the loss in taxable value actually

attributable to the granting of the new exemption.  In the event that there is a reappraisal and the market value of a property receiving a new exemption increases, the loss reflected by SPTB's method again equals the loss in taxable value actually attributable to the granting of the new exemption.  This is so regardless of whether the increase in market value offsets the loss incurred due to the granting of the exemption.  In the event that there is a reappraisal and the market value of a property receiving a new exemption decreases, the loss reflected by SPTB's method equals the loss in taxable value actually attributable to the granting of the new exemption.  It does not mistakenly include a loss in taxable value which is attributable to a loss in market value.

### S U M M A R Y

The phrase "taxable value that is exempt in the current year" in section 26.04(c)(3) of the Property Tax Code refers not only to taxable value lost as a result of the granting of total exemptions, but also that lost to the granting of partial exemptions.  The correct method of determining "the amount of taxes imposed in the preceding year on taxable value that is exempt in the current year" is determined by multiplying the amount of the exemption granted in the current year on taxable value taxed in the preceding year by the preceding year's tax rate.  The amount of the exemption granted in the current year is determined in one of two ways.  If the exemption is a partial exemption or a total exemption, the number used in the calculation is simply the amount granted.  If the exemption granted is a percentage exemption granted pursuant to article VIII, section 1-b of the Texas Constitution, then the amount of the exemption granted is equal to that percentage multiplied by the preceding year's market value.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General