

# The Attorney General of Texas

July 7, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. William H. Miller
Executive Director
Texas School for the Blind
1100 West 45th Street
Austin, Texas    78756

Opinion No. JM-511

Re:  Whether the Texas School for the
Blind may expend interest earned on
proceeds received pursuant to chapter
362 of the Sixty-ninth Legislature

Dear Mr. Miller:

You ask whether the Texas School for the Blind may expend interest
earned on the proceeds of a sale or lease which was authorized for a
certain tract of land and buildings in the city of Austin by chapter
362, Sixty-ninth Legislature.  We conclude that the legislature
appropriated the proceeds of a sale or lease of the property in
question to the Texas School for the Blind but that it did not
appropriate interest earned on the proceeds to the school.

Sections 1 and 3 of chapter 362, Sixty-ninth Legislature, which
is not codified, provide, in part, that

> SECTION 1.  SALE OR LEASE OF PROPERTY.  The
> board of directors of the Texas School for the
> Blind, on behalf of the Texas School for the Blind,
> may sell all of the state's interest in the real
> property described in section 2 of this act for a
> consideration the board considers appropriate or
> may negotiate and enter into a lease of that real
> property on the terms and for rental that the board
> considers appropriate. . . . .

> SECTION 3.  DISPOSITION OF PROCEEDS. In addition
> to sums previously appropriated for this purpose,
> the proceeds from the sale or the rental income
> from the lease of real property authorized by
> section 1 of this act are appropriated to the Texas
> School for the Blind to be used for the construc-
> tion of a facility for severely handicapped
> students.

The State Funds Reform Act formerly was codified as article
4393c, V.T.C.S., and now is chapter 4 of the Treasury Act, where it is
codified as article 4393-1, V.T.C.S.  It requires that funds be

p. 2347

deposited in the State Treasury. Section 4.004 of that act provides, in part, that

> (a) Fees, fines, penalties, taxes, charges, gifts, grants, donations, and other funds collected or received by a state agency under law shall be deposited in the treasury, credited to a special fund or funds, and subject to appropriation only for the purposes for which they are otherwise authorized to be expended or disbursed. . . .
>
> (b) Money that is required by this chapter or by another law to be deposited in the treasury shall be deposited to the credit of the General Revenue Fund unless the money is expressly required to be deposited to another fund, trust fund, or special account not in the General Revenue Fund. . . .

In our opinion, the Texas School for the Blind is a state agency within the broad definition provided by section 4.002 of the State Funds Reform Act. It also is our opinion that the proceeds of a sale or lease authorized by chapter 362 are not within the exemptions specified in section 4.003. See Attorney General Opinions MW-590 (1982) (discussing meaning of "state agency" and exceptions to State Funds Reform Act); MW-454 (1982) (discussing exceptions to the act). Article 8, section 6, of the Texas Constitution provides that money may not be drawn from the treasury unless it has been appropriated by the legislature. See Attorney General Opinion V-01 (1947) (proceeds from sale of land deposited in treasury and subject to appropriation). The legislature specifically has appropriated the proceeds of the sale or lease for the construction of a facility by the Texas School for the Blind.

Section 3.042(a) of the Treasury Act, formerly article 2543d, V.T.C.S., provides that

> (a) Interest received from time deposits of money in funds and accounts in the charge of the treasurer shall be allocated as follows: to each constitutional fund there shall be credited the pro rata portion of the interest received due the fund; the remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. The interest received shall be allocated on a monthly basis.

Since the enactment of article 2543d in 1969, numerous prior opinions of this office have determined that interest on constitutional funds must be credited to the constitutional fund and interest on trust funds must be credited to the trust fund. See Attorney General Opinions JM-323 (1985); JM-321 (1985); JM-306 (1985); JM-300 (1985); MW-193 (1980); MW-82 (1979); H-1167 (1978); H-1040 (1977); M-468 (1969). See also Lawson v. Baker, 220 S.W. 260 (Tex. Civ. App. - Austin 1920, writ ref'd). We conclude, however, that the proceeds in question do not constitute trust funds and belong in the treasury to the credit of the general revenue fund in compliance with the State Fund Reform Act. While no particular words are necessary to create a trust, this office stated in Attorney General Opinion JM-300 that

> in order to be characterized as trust funds, the assets in question should reflect, among other things, (1) that they are administered by a trustee or trustees, (2) that the assets are neither granted to the state in its sovereign capacity nor collected for the general operation of state government, and (3) that they are to be spent and invested for specific, limited purposes and for the benefit of a specific group of individuals.

The legislature created no special fund for the deposit of the proceeds of a sale or lease authorized by chapter 362. It is our opinion that the proceeds of the sale or lease do not meet the characteristics of a trust fund and that interest earned on such proceeds is subject to the provisions of section 3.042(a) of the Treasury Act that require interest to be credited to the general revenue fund.

Interest that becomes a part of the general revenue fund is subject to legislative appropriation. Hence, the final issue is whether the legislature appropriated such interest by section 3 of chapter 362. We conclude that the legislature did not intend the specific appropriation of "the proceeds from the sale or the rental income from the lease of real property authorized by section 1 of this act" to include interest that may be earned on the proceeds.

Statutes are interpreted according to the popular meaning of the language employed, except where used in a technical sense or a contrary meaning is clearly apparent from the context. In other words, the intention of the legislature is determined by the plain and ordinary meaning of the language used. Lawson v. Baker, id., at 268. See also National Life Co. v. Stegall, 169 S.W.2d 155, 157 (Tex. Comm'n App. 1943, opinion adopted). Our courts have suggested that it may be proper and necessary to consult a dictionary to ascertain the meaning of words in statutes. See Board of Insurance Commissioners v. Duncan, 174 S.W.2d 326, 328 (Tex. Civ. App. - Amarillo 1943, writ ref'd); Attorney General Opinion H-1277 (1978). While the meaning of

"proceeds" may depend on the context in which it is used, Black's Law Dictionary 1084 (5th ed. 1979) defines it as money or articles or other thing of value arising or obtained by the sale of property and the sum, amount, or value of property sold or converted into money or into other property.

The language of the appropriation in section 3 of chapter 362 is the same as the language used by the legislature in several other recent statutes which authorize the sale of state-owned land. Chapter 425 of the Sixty-ninth Legislature, 1985, provides

> SECTION 4. DISPOSITION OF PROCEEDS. The proceeds from the sale of real property authorized by section 1 of this act are appropriated, for the fiscal biennium ending August 31, 1987, to the Texas Youth Commission for the purpose of constructing the Texas Youth Commission South Texas Regional Facility in Hidalgo County, Texas and/or for repairs or renovations at the Corsicana State Home in Navarro County.

Chapter 561 of the Sixty-eighth Legislature, 1983, provides

> SECTION 3. DISPOSITION OF PROCEEDS. The proceeds from the sale of real property authorized by section 1 of this act are appropriated to the Department of Public Safety, and the department may use the proceeds to perform the duties and responsibilities of the department.

Chapter 687 of the Sixty-eighth Legislature, 1983, provides

> SECTION 3. DISPOSITION OF PROCEEDS. The proceeds from a conveyance under this Act are appropriated to the Texas Employment Commission for use in acquiring other land or for the construction or improvement of the facilities of the Texas Employment Commission.

We conclude that the legislature intended its appropriation to the Texas School for the Blind in chapter 362 to appropriate the sum of money derived from the sale or lease of the described property but did not intend chapter 362 to also appropriate interest income that may be earned on that money.

## S U M M A R Y

> Chapter 362, Sixty-ninth Legislature, authorizes the sale or lease of certain state-owned land and appropriates the proceeds from the sale or lease to the Texas School for the

Blind for certain construction. The legislature has not appropriated interest in the treasury that may be earned cn the proceeds of the sale or lease.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General